■ 201-203 LEXINGTON AVENUE CORP., Appellant, v 205/215 LEXINGTON LIMITED PARTNERSHIP, Respondent. In the Matter of 201-203 LEXINGTON AVENUE CORP., Appellant, v PETER S. BROOKS et al., Respondents. [637 NYS2d 125] —Order and judgment (one paper), Supreme Court, New York County (Edward Lehner, J.), entered May 9, 1995, which, in an action by plaintiff landlord challenging an appraisal of property made in a commercial rent dispute, granted defendant tenant's motion for summary judgment and confirmed the appraisal, unanimously affirmed, without costs. Order, same court and Justice, entered May 1, 1995, which, in a proceeding by petitioner

landlord to compel disclosure from respondent appraiser, denied the application and dismissed the petition as moot, unanimously affirmed, without costs.

A reasonable reading of the lease supports the methodology employed by the appraisers to determine the renewal term of rent. The lease provides for a renewal rent "equal to 6% of the fair market value * * * of the Demised Premises considered as vacant and unimproved, unencumbered by this lease, as of the date of the commencement of the relevant renewal term", and "sold at that time at private sale in fee simple, free from all encumbrances and restrictions, at its full and fair value". Such language manifestly contemplates disregard of the value of any improvements, and thereby inferentially requires consideration of current zoning, which permits construction of a building on the site less than half the size of the one that was erected in accordance with the zoning in effect when the lease was signed (*see, New York Overnight Partners v Gordon*, 217 AD2d 20). Nor is there any reason to construe the lease direction to disregard restrictions and encumbrances in establishing value as a direction to disregard zoning *per se*. The word "restrictions" is a reference not to zoning ordinances, which encumber the use of land, but to provisions in deeds and other private instruments that encumber the sale of land (*see*, 1 Friedman, Contracts and Conveyances of Real Property, at 519 [5th ed]; *Voorheesville Rod & Gun Club v Tompkins Co.*, 82 NY2d 564, 571-572). To hold otherwise and ignore currently permissible use would be to read out of the lease a typical, and logical, component of current fair market value (*New York Overnight Partners v Gordon, supra*, at 30). That plaintiff disagrees with this interpretation of the disputed lease provisions governing valuation is hardly a basis for arguing that the appraisers exceeded their authority or did not decide the dispute submitted.

We have considered plaintiff's other arguments and find them to be without merit. Concur—Rosenberger, J. P., Ellerin, Kupferman, Nardelli and Mazzarelli, JJ.