■ ROBERT CORAZZA et al., Appellants, v PAUL JACOBS et al., Respondents. [717 NYS2d 2] —Order, Supreme Court, New York County (Louise Gruner Gans, J.), entered July 16, 1999, which denied plaintiffs' cross motion for summary judgment on their breach of contract action, and which granted defendant's,

Maizes & Maizes, L. L. P. (Maizes), motion for summary judgment and referred the matter to a Referee for an assessment of legal fees, unanimously modified, on the law, to the extent of granting plaintiffs' cross motion for summary judgment and directing the return of the down payment, and otherwise affirmed, without costs.

Plaintiffs' cross motion for summary judgment on their claim for breach of contract should have been granted, the contract canceled and their down payment returned. Section 6.1 of the contract expressly provides that the sale of the cooperative apartment is contingent on board approval of the plaintiff buyers, and such board approval was never provided. We reject defendants' claim that lack of such approval was a result of plaintiffs' bad faith conduct, given the board's attempt to impose an unreasonable residency restriction.

Defendant/escrowee Maizes' summary judgment motion was properly granted in all respects. The contract expressly and unequivocally provided that the escrowee be indemnified by the parties to the contract for all costs, expenses, etc., including attorneys' fees, arising from its duties as their escrow agent, even if it rendered legal services to itself; thus, plaintiffs' contention that the escrowee could not recover because it appeared *pro se* is without merit (*see, Breed, Abbott & Morgan v Hulko*, 139 AD2d 71, *affd* 74 NY2d 686; *Hooper Assocs. v AGS Computers*, 74 NY2d 487, 493). Concur—Williams, J. P., Tom, Ellerin, Rubin and Saxe, JJ.