◼ ARCHDIOCESE OF NEW YORK, Respondent, v AMEDEO HOTELS LIMITED PARTNERSHIP, Appellant. [742 NYS2d 635] —Order and judgment (one paper), Supreme Court, New York County (Ira Gammerman, J.), entered January 23, 2002, which granted plaintiff's motion for summary judgment, denied defendant's cross motion for summary judgment on its counterclaim, granted plaintiff summary judgment dismissing the counterclaim, adjudged that the long term ground lease between plaintiff and defendant requires that an appraisal of the land be without regard to the presence of any structure, including the Villard Houses and the Gloucester House, with associated leases, or restrictions contained in the ground lease, or any applicable liens or other charge, and granted plaintiff's motion for attorneys' fees, directing a hearing before a referee on the matter of reasonable fees, with related relief, unanimously modified, on the law, to deny plaintiff's motion for attorneys' fees, and otherwise affirmed, without costs.

The motion court properly determined that the provision in the subject ground lease which states that, in an appraisal for purposes of fixing rent, the appraiser must regard the land "as vacant, unimproved and unencumbered by this lease," precludes consideration by the appraisers of the use restrictions upon the leased property at issue, since those restrictions are inextricable from the existence of buildings, and are therefore excluded from consideration by the words "vacant" and "unimproved" (see, 201-203 Lexington Ave. Corp. v 205/215 Lexington Ltd. Partnership, 224 AD2d 183, lv denied 88 NY2d 813; New York Overnight Partners v Gordon, 217 AD2d 20, affd 88 NY2d 716). Under the quoted language, the appraisers cannot take into account anything to do with existing improvements, which necessarily include the encumbrances related to the landmark building and the building on which there is a lease to which the ground lease is subordinate. Contrary to defendant's argument, this construction does not render any other provision in the lease meaningless (cf., Helmsley-Spear, Inc. v New York Blood Ctr., 257 AD2d 64, 68-69).

We modify only to deny plaintiff's motion for attorneys' fees, since the subject indemnification clause does not require the tenant to reimburse the landlord for counsel fees expended in an action commenced by the landlord to obtain a declaratory judgment construing the lease (cf., Corazza v Jacobs, 277 AD2d 52, 53). Concur—Andrias, J.P., Rosenberger, Wallach, Rubin and Gonzalez, JJ.