■ 853 SEVENTH AVENUE OWNERS, LLC, Appellant, v W & HM REALTY Co., LLC, Respondent. [794 NYS2d 373]—

Order, Supreme Court, New York County (Richard F. Braun, J.), entered May 11, 2004, which, to the extent appealed from, granted summary judgment to defendant on the third cause of action and declared that the impact of rent stabilization and rent control laws shall not be considered in appraising land defendant leased to plaintiff, unanimously affirmed, with costs.

The lease clearly states: "The net annual rent during each renewal term shall be an amount equal to 6% of the appraised value of the land . . . *exclusive of any buildings or improvements thereon*" (emphasis added). Therefore, the appraisers should not consider the impact of the rent control and rent stabilization laws (*see generally New York Overnight Partners v Gordon*, 88 NY2d 716 [1996]; *Archdiocese of N.Y. v Amedeo Hotels Ltd. Partnership*, 295 AD2d 161 [2002]; *201-203 Lexington Ave. Corp. v 205/215 Lexington Ltd. Partnership*, 224 AD2d 183 [1996], *lv denied* 88 NY2d 813 [1996]). *Madison Murray Assoc. v Perlbinder* (215 AD2d 204 [1995], *lv denied* 88 NY2d 810 [1996]), relied on by plaintiff, is not to the contrary, where, according to the motion court's decision, the lease specifically provided that the appraisers should take into consideration the building, improvements, fixtures or appurtenances.

While plaintiff argues for the first time on appeal that it will be unable to run the building at a profit if the rent fixed by the appraisers ignores the rent stabilization and rent control laws, plaintiff "assumed the precise risk of which it now complains" (*George Backer Mgt. Corp. v Acme Quilting Co.*, 46 NY2d 211, 218 [1978]) in articles XI and XVII of the lease. Moreover, economic hardship is not a reason to rewrite a lease made between two sophisticated commercial entities (*see e.g. New York Overnight Partners*, 88 NY2d at 722). Concur—Buckley, P.J., Tom, Saxe, Friedman and Marlow, JJ.