### In re WALSAM EMP LLC

Walsam EMP LLC, Debtor, Debtor–in–Possession–Appellant,

v.

Gordon White and Lenora White, as Trustees of the White Family Trust, Kirk Weiss and Laura Reid, as Trustees of the Weiss Family Trust, Appellees,

**General Electric Capital Corporation, Secured–Creditor.**

Nos. 06–1257–bk, 06–1258–bk, 06–1268–bk, 06–1276–bk.

United States Court of Appeals, Second Circuit.

Aug. 11, 2006.

58

Clement H. Berne (Will B. Sandler, on the brief), Troutman Sanders LLP, New York, NY, for Debtor–in–Possession–Appellant.

Robert E. Crotty (Robert L. LeHane, Matthew D. Marcotte, on the brief), Kelley Drye & Warren LLP, New York, NY, for Appellees.

PRESENT: B.D. PARKER, RICHARD C. WESLEY and PETER W. HALL, Circuit Judges.

### SUMMARY ORDER

Debtor–Appellant Walsam EMP LLC ("Walsam") appeals from a judgment of the United States District Court for the Southern District Court of New York (Hellerstein, *J.*), which reversed an order of the United States Bankruptcy Court for the Southern District of New York (Beatty, *B.J.*), which, in turn, vacated an arbitration award (the "Award") in favor of Appellees issued by an American Arbitration Association arbitration panel. The Award concerned the proper construction of a lease between Walsam and Appellees, and the setting of the net basic rent for the first renewal period of this lease. We presume the parties' familiarity with the facts, the procedural history, and the issues presented on appeal.

In an appeal from a district court's review of a bankruptcy court decision, "we review the bankruptcy court decision independently, reviewing its conclusions of law *de novo* and accepting its factual findings unless clearly erroneous." *In re Enron Corp.*, 419 F.3d 115, 124 (2d Cir.2005).

On appeal, Walsam argues that the district court erred in reversing the bankruptcy court and reinstating the Award because this Award was completely irrational and/or was procured by Appellees' misconduct. We disagree, and thus affirm the district court.

Both parties agree that New York law controls this case. Under New York law "judicial review of arbitration awards is extremely limited" and "[a]n arbitration award must be upheld when the arbitrator offers even a barely colorable justification for the outcome reached." *Wien & Malkin LLP v. Helmsley–Spear, Inc.*, 6 N.Y.3d 471, 479, 813 N.Y.S.2d 691, 846 N.E.2d 1201, 1206 (2006) (internal quotation marks omitted). An arbitration award based on the interpretation of a contract, such as the lease at issue here, will not be vacated "even though the court concludes that [the Arbitrator's] interpretation of the agreement misconstrues or disregards its plain meaning or misapplies substantive rules of law, unless it is violative of a strong public policy, or is totally irrational, or exceeds a specifically enumerated limitation on his power." *Silverman v. Benmor Coats, Inc.*, 61 N.Y.2d 299, 308, 473 N.Y.S.2d 774, 461 N.E.2d 1261, 1266 (1984). For an arbitrator's award to be "totally irrational," there must be "no proof whatever to justify the award." *Peckerman v. D & D Assocs.*, 567 N.Y.S.2d 416, 420, 165 A.D.2d 289, 296 (1st Dep't 1991). In other words, the Arbitrator's actions must be tantamount to "mak[ing] a new contract for the parties." *In re Nat'l Cash Register Co.*, 8 N.Y.2d 377, 383, 208 N.Y.S.2d 951, 171 N.E.2d 302, 305 (1960). "The mere fact that a different construction could have been accorded the provisions concerned and a different conclusion reached does not mean that the arbitrators so misread those provisions as to empower a court to set aside the award." *Id.* In sum, "[a] court cannot examine the merits of an arbitration award and substitute its judgment for that of the arbitrator simply because it believes its interpretation would

be the better one." *In re N.Y. State Corr. Officers & Police Benevolent Ass'n v. New York,* 94 N.Y.2d 321, 326, 704 N.Y.S.2d 910, 726 N.E.2d 462, 465 (1999).

■ Here, the lease granted the arbitrators broad powers to construe the lease agreement and determine the rent for the first renewal period. This lease contained no express limitations with respect to what the arbitrators could consider in setting the first renewal period rent, unlike what parties have chosen to do in other leases in similar contexts. *See, e.g., Archdiocese of N.Y. v. Amedeo Hotels Ltd. P'ship,* 742 N.Y.S.2d 635, 636, 295 A.D.2d 161, 161 (1st Dep't 2002) ("The motion court properly determined that the provision in the subject ground lease which states that, in an appraisal for purposes of fixing rent, the appraiser must regard the land *'as vacant, unimproved and unencumbered* by this lease,'... the appraisers cannot take into account anything to do with existing improvements ....") (emphasis added); *201–203 Lexington Ave. Corp. v. 205/215 Lexington Ltd. P'ship,* 637 N.Y.S.2d 125, 126, 224 A.D.2d 183, 184 (1st Dep't 1996) ("The lease provides for a renewal rent 'equal to 6% of the fair market value ... of the Demised Premises *considered as vacant and unimproved, unencumbered by this lease* ....' ")(emphasis added). The arbitrators considered all the materials submitted by the parties and concluded that the first renewal period rent should be based on the market value of the land as improved, as well as a density-plus evaluation that took into account changes in the zoning laws that affected the value of the land. We cannot conclude that the Award was totally irrational or a re-writing of the lease.

■ As for Walsam's argument that this Award should be vacated under New York Civil Practice Law Rule 7511(b)(1)(i) for "corruption, fraud or misconduct in procuring the award," we find no such misconduct here. Aggressive and vigorous advocacy before an arbitration panel that has all the relevant information before it does not constitute misconduct. *Cf. Kalgren v. Central Mut. Ins. Co.,* 418 N.Y.S.2d 1, 2–3, 68 A.D.2d 549, 552–53 (1st Dep't 1979) (finding misconduct where a party to an arbitration intentionally hid information from the arbitration panel that may have materially altered the result).

We have considered all of Walsam's remaining arguments and find them to be without merit. For the foregoing reasons, the judgment of the district court is hereby AFFIRMED. Walsam shall immediately pay the rent set by the Award to Appellees. The temporary stay issued March 27, 2006 and the stay pending appeal issued May 18, 2006 are hereby VACATED. The mandate shall issue forthwith.