■ JAMES BUMSTEAD, Appellant, v ELBERTA M. RAISBECK, Respondent. [646 NYS2d 368] —In an action, *inter alia*, to terminate child support payments, the plaintiff appeals from so much of an order of the Supreme Court, Nassau County (Brucia, J.), entered June 2, 1995, as granted the defendant's motion for a Qualified Domestic Relations Order directing his pension administrator to pay to the defendant 65% of his gross monthly pension benefits commencing November 1, 1995, until a 1982 money judgment for child support arrears and interest accrued thereon is paid in full.

Ordered that the order is affirmed insofar as appealed from, with costs.

The parties were married on November 12, 1955. They had three children during their marriage and were divorced by Mexican decree on November 22, 1969.

In 1982 the defendant obtained a money judgment for child support arrears including interest, and the judgment was affirmed by decision and order of this Court dated November 1,

1982 (see, Bumstead v Raisbeck, 90 AD2d 998). The Nassau County Sheriff garnished the plaintiff's wages but all money collected therefrom was credited toward the judgment interest and the Sheriff's fees. No part of the principal amount of the judgment has been paid.

In 1994 the defendant was advised by the Sheriff that the plaintiff was no longer employed and that the garnishment account had been closed. She then moved for a Qualified Domestic Relations Order directing the plaintiff's pension administrator to make the pension payments due to the plaintiff payable directly to her.

Contrary to the plaintiff's assertion, the court acted properly in granting the defendant's motion. Although the parties' children are now emancipated, at the time the money judgment was awarded the plaintiff was still financially obligated to his minor children. To allow him to now erase his obligation would wrongfully reward and encourage dilatory practices where support is involved (see, 29 USC § 1056 [d]; CPLR 5242; Keegan v Keegan, 204 AD2d 606).

We have reviewed the plaintiff's remaining contentions and find them to be without merit. Rosenblatt, J. P., Santucci, Joy and Hart, JJ., concur.