■ ESTHER YORK, Appellant, v JOSEPH YORK, Respondent. [751 NYS2d 416] —In an action for a divorce and ancillary relief, the plaintiff appeals from an order of the Supreme Court, Queens County (Dorsa, J.), dated February 26, 2001, which, inter alia, denied her motion for an order of preclusion, for an award of an accountant's fee, and the imposition of a sanction.

■ ESTHER YORK, Appellant, v JOSEPH YORK, Respondent. [751 NYS2d 417] —In an action for a divorce and ancillary relief, the plaintiff appeals from an order of the Supreme Court, Queens County (Gavrin, J.), dated November 26, 2001, which denied her motion for a qualified domestic relations order, for an award of an attorney's fee, and to direct the defendant to transfer to her funds in his individual retirement account.

Ordered that the order is modified by deleting the provision thereof denying that branch of the motion which was to direct the defendant to transfer to the plaintiff the funds in his individual retirement account, and substituting therefor a provision granting that branch of the motion; as so modified, the order is affirmed, without costs or disbursements.

The plaintiff contends that the Supreme Court should have granted her application for a qualified domestic relations order (hereinafter QDRO) to satisfy judgments for arrears for maintenance and child support. We disagree.

Defaults in support and maintenance obligations may be enforced by QDROs against pension fund accounts (*see Keegan v Keegan,* 204 AD2d 606; *Bumstead v Raisbeck,* 230 AD2d 759; *Adler v Adler,* 224 AD2d 282; *Renner v Blatte,* 170 Misc 2d

579). However, a QDRO cannot "require a plan to provide any type or form of benefit, or any option, not otherwise provided under the plan" (29 USC 1056 [d] [3] [D] [i]; see also Stott v Bunge Corp., 800 F Supp 567; Dickerson v Dickerson, 803 F Supp 127). Here, the wife seeks to have a QDRO issued which would direct the defendant's pension plan to "[a]s soon as administratively feasible * * * pay to [her] * * * one or more lump sum payments." Since the defendant's plan does not provide for a lump-sum distribution, an order of immediate payment would be contrary to the terms of the plan, and would not qualify as a QDRO (see Stott v Bunge Corp., supra; Dickerson v Dickerson, supra). Thus, the court properly denied the plaintiff's application for a QDRO.

However, the plaintiff is entitled to the funds in the defendant's individual retirement account to satisfy her judgment for arrears (see Sheehan v Sheehan, 90 Misc 2d 673; Halliburton Co. v Mor, 231 NJ Super 197, 555 A2d 55).

The denial of the plaintiff's application for an award of an attorney's fee was a provident exercise of discretion (see Domestic Relations Law § 237 [b]). Feuerstein, J.P., Smith, O'Brien and Adams, JJ., concur.