■ SARAH THORNE, Appellant, v ELIZABETH S. GRUBMAN, Respondent, et al., Defendants. [788 NYS2d 358]—

Order, Supreme Court, New York County (Milton A. Tingling, J.), entered June 20, 2004, which denied plaintiff's motion for an order compelling defendant Elizabeth S. Grubman to appear at a further deposition to answer certain specified questions, unanimously modified, on the law, the facts and in the exercise of discretion, to the extent of ordering defendant to appear for a supplemental deposition to consist of all the specified questions, and any appropriate follow-up questions, and otherwise affirmed, without costs.

Plaintiff Sarah Thorne alleges that she was injured when defendant Elizabeth Grubman backed her vehicle into a group of bystanders at the Conscience Point Inn on Long Island; this action had been consolidated with the action of another injured individual, Scott Conlon. At Grubman's deposition, she was first questioned by Conlon's attorney, after which Thorne's attorney began his examination. Soon, a dispute arose as to the extent to which Thorne's attorney could revisit subjects that had been covered by Conlon's attorney.

The parties called a judge for a ruling, and were instructed that there should be no repetition in the questioning. Defense counsel aggressively enforced this ruling, directing defendant not to answer a number of questions and otherwise preventing testimony that he considered already covered.

The IAS court denied plaintiff's subsequent motion to compel an additional deposition of defendant and for sanctions against defense counsel for his conduct at the deposition.

Initially, the appeal is properly taken from an appealable paper. While the original decision made on the telephone was not appealable as of right because it did not decide a motion on notice (CPLR 5701 [a] [2]; *see Bork v City of New York*, 237 AD2d 218 [1997]), it is brought up for review by plaintiff's appeal from the denial of her subsequent motion for a further deposition (CPLR 5701 [a] [3]; *see Sholes v Meagher*, 100 NY2d 333 [2003]; *Everitt v Health Maintenance Ctr.*, 86 AD2d 224, 227 [1982]).

On the merits, while it would have been proper to bar questions substantially identical to those asked by the first attorney and fully answered, Thorne's attorney should not have been precluded from asking questions that sought to flesh out or amplify answers to previous questions. Virtually all of the questions in issue were proper requests for amplification or information missed by the first questioner. For example, while Conlon's attorney had taken defendant through each stop she made that day, and asked if she had had a drink at each, the question "Did you have anything of an alcoholic nature to drink at any point in time during the day?" fills in the blanks left by those earlier questions, by also seeking information as to whether defendant had anything to drink in between stops, or in the car while driving. Similarly, the question "Were you familiar with the grounds of the Conscience Point Inn before you arrived on July 7th, 2001?" was not fully answered by Grubman's statement at the deposition that she had been to the Inn before. The questions regarding the accident itself properly sought to cross-examine defendant as to details that she might have glossed over in her narrative account of the accident, and while several questions pertaining to events after the accident had previously been asked, they were not all answered. For instance, defendant, while repeating "I did my best to help them," never responded to the follow-up question seeking greater detail as to the form of that additional help, so that although defendant stated a number of times that she kept asking for a cell phone to call 911, the record does not indicate whether she actually got a phone and made a call. Finally, relevancy was not a proper ground to object to questions regarding defendant's knowledge of or acquaintance with potential witness D.J. Melina.

The IAS court properly declined to impose sanctions on defense counsel for his conduct at the deposition. Concur—Saxe, J.P., Friedman, Sullivan, Nardelli and Williams, JJ.