■ VIRGINIA M. BOYLAN, Formerly Known as VIRGINIA M. DODGE, Respondent, v HAROLD E. DODGE, Appellant. [839 NYS2d 580]—

Carpinello, J. Appeal from an order of the Supreme Court (Tait, J.), entered March 28, 2006 in Tioga County, which granted plaintiff's motion for summary judgment.

Following a 38-year marriage, the parties entered into a separation agreement in 1991 pursuant to which plaintiff was to receive a 41% share of defendant's monthly pension upon his retirement. A judgment of divorce was entered on November 13, 1992 and defendant retired shortly thereafter without telling plaintiff. According to plaintiff, she did not know that defendant retired and never received her share of the pension during his first 12 years of retirement. Accordingly, in October 2004, she commenced this action for breach of contract seeking specific performance of the pension provision of the separation agreement. Supreme Court found that defendant breached the separation agreement by failing to provide plaintiff with her share of his monthly pension and thus awarded her summary judgment. It also determined that the six-year statute of limitations precluded recovery of arrears prior to October 1998. Supreme Court then issued a Qualified Domestic Relations Order (hereinafter QDRO) directing the pension plan administrator of defendant's former employer to pay plaintiff 41% of defendant's monthly pension payment pursuant to the terms of the separation agreement, plus an additional monthly payment

of 50% of the remaining amount to satisfy those arrears that accrued within the statute of limitations. Defendant appeals.*

We agree with Supreme Court's assessment that a QDRO is the proper method for plaintiff to collect the pension arrears in this case (*see Peek v Peek*, 301 AD2d 201, 204-205 [2002], *lv denied* 100 NY2d 513 [2003]). Plaintiff's entitlement to a portion of defendant's monthly pension benefits was a right created under the separation agreement (*see* Domestic Relations Law § 236 [B] [3]) and Supreme Court's order issuing the QDRO merely recognized such right (*see* 29 USC § 1056 [d] [3] [B] [i] [I]). This being the case, the order was "made pursuant to a State domestic relations law" (29 USC § 1056 [d] [3] [B] [ii] [II]) and thus we find no error in Supreme Court's decision to direct payment of pension arrears via the QDRO (*see Peek v Peek, supra*; *see generally Kaplan v Kaplan*, 82 NY2d 300, 305-306 [1993]; *McDermott v McDermott*, 119 AD2d 370, 379-380 [1986], *appeal dismissed* 69 NY2d 1028 [1987]).

Mercure, J.P., Spain, Mugglin and Kane, JJ., concur. Ordered that the order is affirmed, with costs.

---

* We deem defendant's appeal from the March 28, 2006 order of Supreme Court as being taken from the subsequently-entered judgment (*see* CPLR 5520 [c]; *see also Harrington v Harrington*, 300 AD2d 861, 862 [2002]; *Alessi v Alessi*, 289 AD2d 782, 782-783 [2001]).