■ JESSICA L. FOSDICK, Respondent, v DAVID S. FOSDICK, Appellant. [847 NYS2d 750]—

Crew III, J. Appeal from an order of the Supreme Court (Peckham, J.), entered September 7, 2006 in Delaware County, which, among other things, awarded primary physical custody of the parties' children to plaintiff.

The parties were married in December 1999 and have two children, born in 2000 and 2003. Prior to marriage, defendant earned a Bachelor's degree and a Master's degree; during the course of the marriage, defendant acquired a Certificate of Administration and became employed full time as a school counselor. At all times relevant hereto, defendant also served as a reservist in the United States Army, ultimately attaining the rank of major. Plaintiff, who prior to marriage was employed and attending business college part time, worked on a part-time basis intermittently during the marriage but essentially deferred her employment and education—apparently at defendant's request—to be the primary caregiver for the parties' minor children.

In November 2004, defendant was deployed to Iraq, where he remained stationed until October 2005. Although the parties debate whether their marital difficulties began prior to or after his deployment, the record reflects that plaintiff commenced this action for divorce in September 2005. Subsequently, in February 2006, the parties stipulated that plaintiff would receive a divorce upon the ground of cruel and inhuman treatment and, in June 2006, further stipulated that whoever received custody of the children also would receive the marital residence in equitable distribution. In the interim, the children remained in the marital residence and the parties took turns living there on an alternating weekly basis.

Following a hearing, Supreme Court awarded the parties joint legal custody with physical custody to plaintiff and visitation to defendant. The court also awarded plaintiff maintenance in the amount of $900 per month for 30 months and directed defendant to pay plaintiff's counsel fees in the sum of $3,000. This appeal by defendant ensued.

Preliminarily, we note that defendant appealed from Supreme Court's September 2006 order rather than the underlying judgment of divorce entered in October 2006. Inasmuch as the order does not differ materially from the judgment, we will exercise our discretion and treat the appeal to have been taken from the final judgment (*see Boylan v Dodge*, 42 AD3d 632, 633 n [2007]).

Turning to the merits, we cannot say, based upon our review

of the hearing testimony, that Supreme Court's decision to award primary physical custody to plaintiff lacks a sound and substantial basis in the record. It is readily apparent that the parties love their children very much and are more than capable of contributing—albeit in somewhat different ways—to their financial, emotional and intellectual needs. It also is apparent that despite their very different views of their marriage and of what went wrong and when, they have managed to set aside such differences and work in a cooperative fashion for the benefit of their children, as evidenced by their willingness to involve each other in the children's lives and by their stipulation regarding the marital residence, the latter of which admirably was designed to foster some sense of stability in the children's lives. And without belaboring the point, suffice to say that whatever criticisms each party raises with regard to the other's character and/or parenting skills cut both ways. At the end of the day, Supreme Court had to choose between two fit and loving parents and given, among other things, plaintiff's admitted status as the primary caregiver and the greater degree of flexibility in her daily schedule, we cannot say that Supreme Court erred in awarding her primary physical custody.

As to the issue of maintenance, the case law makes clear that "[t]he amount and duration of maintenance are left mainly to the trial court's discretion, as long as the court considers the statutory factors and sets forth bases for its conclusions" (*Carman v Carman*, 22 AD3d 1004, 1008 [2005]). In our view, that standard was met here. Simply put, given the disparity in the parties' respective incomes and educations, the latter of which plaintiff deferred in order to raise the parties' children, and the contributions plaintiff made to the marriage, the amount and duration of the maintenance awarded (the latter of which representing the approximate length of time necessary in order for plaintiff to complete her education and receive a teaching certificate) seems entirely appropriate.

We reach a similar conclusion as to the issue of counsel fees. While we agree that the timetable established by Supreme Court for paying the $3,000 in fees awarded was unrealistic given defendant's then monthly income, we have no quarrel with the sum awarded. Defendant's remaining contentions, to the extent not specifically addressed, have been examined and found to be lacking in merit.

Cardona, P.J., Mugglin, Rose and Lahtinen, JJ., concur. Ordered that the order is affirmed, without costs.