RAYMOND CORPORATION et al., Appellants, v NATIONAL UNION FIRE INSURANCE COMPANY OF PITTSBURGH, PENNSYLVANIA, Respondent. [849 NYS2d 101]—

Mugglin, J. Appeals (1) from a judgment of the Supreme Court (Dowd, J.), entered June 30, 2006 in Chenango County, upon a decision of the court in favor of defendant, and (2) from an order of said court, entered April 9, 2007, in Chenango County, which, among other things, denied plaintiffs' motion to vacate the judgment.

Plaintiff Raymond Corporation contributed $500,000 and defendant contributed $2.5 million toward a $6 million settlement* of a personal injury accident, stipulating to resolve an insurance coverage issue in subsequent litigation or arbitration. When that subsequent litigation was previously before us, we reversed Supreme Court's November 5, 2002 order granting summary judgment to defendant and declared that the policy at issue covered Raymond's vendor, as an additional insured, only for injury arising out of defects in Raymond's products (6 AD3d 788 [2004]). Our interpretation—that the policy language

---

* The remaining $3 million was contributed by the insurance carrier for plaintiff TBS Group, Inc., formerly Arbor Handling Services, Inc., plaintiffs' vendor.

covered personal injury claims caused by the vendor's independent acts of negligence—was reversed by the Court of Appeals (5 NY3d 157 [2005]) and Supreme Court's order was reinstated.

Thereafter, in October 2005, defendant submitted a notice of settlement of judgment and notice of taxation of costs, including predecision interest. Supreme Court rejected plaintiffs' opposition to the proposed judgment, issuing a "memorandum decision" on June 22, 2006. On June 30, 2006, final judgment was entered awarding defendant $2.5 million with predecision interest of $895,625 and postdecision interest of $1,118,858.44. Thereafter, plaintiffs moved to vacate the final judgment claiming that the judgment was obtained as a result of defendant's misconduct during discovery and requesting additional discovery based on newly discovered evidence. Supreme Court denied plaintiffs' motion to vacate the final judgment. Plaintiffs now appeal from Supreme Court's "memorandum decision" entered June 22, 2006, the final judgment entered June 30, 2006 and the denial of the motion to vacate the final judgment. The appeals were consolidated by order of this Court.

We first address defendant's assertions that neither the "memorandum decision" nor the final judgment entered herein constitute appealable paper and, thus, these appeals should be summarily dismissed (*see* CPLR 5512 [a]; *Matter of Palmer v Palmer*, 284 AD2d 612, 613 [2001]). An appealable paper is an order or judgment of the court of original instance (*see* CPLR 5512 [a]; *Thorne v Grubman*, 14 AD3d 433, 434 [2005]). First, although the document entered June 22, 2006 is styled "memorandum decision," the foot of the decision refers to the papers considered and states "the signing of this decision and order shall not constitute entry or filing under CPLR 2220." Although the paper has aspects of an order, since it is not based on a notice of motion seeking specific relief, we conclude that the document does not constitute an appealable order. Second, the final judgment entered in response to the "memorandum decision" is an appealable paper since it addresses the issue of entitlement to predecision and postdecision interest, a heretofore unlitigated issue.

We next address plaintiffs' appellate arguments that the judgment must be vacated due to newly discovered evidence (*see* CPLR 5015 [a] [2]) and because of alleged misconduct on the part of defendant (*see* CPLR 5015 [a] [3]). Although we reject defendant's position that plaintiffs should be sanctioned for frivolous conduct as a result of these arguments, we nevertheless find them unpersuasive. Plaintiffs' arguments are premised on their assertion that the Court of Appeals engaged in an eco-

nomic justification—that a vendor's endorsement is a "cheap add-on" in denying coverage and, therefore, defendant's destruction of its files containing the cost of this vendor add-on and plaintiffs' "newly discovered" evidence of the cost of this add-on support vacating the judgment. In our view, a fair and balanced reading of the Court of Appeals decision reveals that it is based on an analysis of the language of the policy, not economic principles. Therefore, earlier discovery of the cost of the vendor endorsement to Raymond would have had no impact on the final determination of this issue. Although this determination renders plaintiffs' additional arguments largely irrelevant, we do observe that we find no abuse of Supreme Court's discretion in denying plaintiffs' motion to vacate the final judgment because of defendant's misconduct or because of newly discovered evidence (*see Woodson v Mendon Leasing Corp.*, 100 NY2d 62, 68 [2003]). In any event, as the relevant invoices were at all times in Raymond's own files, there is no merit to the argument that defendant committed misconduct—i.e., spoliation of evidence—by destroying its copies of the invoices or that the evidence constitutes newly discovered evidence (*see Tibbits v Verizon N.Y., Inc.*, 40 AD3d 1300, 1302 [2007]; *People v Tucker*, 40 AD3d 1213, 1214 [2007], *lv denied* 9 NY3d 882 [2007]; *Evergreen Bank v Dashnaw*, 262 AD2d 737, 738 [1999]).

We next address plaintiffs' argument that the inclusion of over $2 million in prejudgment interest is unsupportable in law and contrary to the parties' stipulation, and defendant's argument that this issue is unpreserved for appellate review because plaintiffs served no reply to its answer, which sought $2.5 million plus interest, costs and counsel fees. We reject defendant's contention that the issue is unpreserved. Notably, only the wherefore clause of the answer demands interest. There is no separate cause of action pleaded as a counterclaim for interest and, therefore, there is no need for a separate reply pleading. Moreover, the pleadings adequately frame the issues between the parties.

Turning to the merits, we first observe that the stipulation placed on the record is a contract, subject to the principles of contract interpretation. Where the terms are clear and unambiguous, the intent of the parties is to be gleaned solely from the language of the agreement (*see Dudick v Gulyas*, 4 AD3d 604, 606 [2004]; *Mayefsky v Mayefsky*, 184 AD2d 954, 955 [1992], *lv dismissed* 80 NY2d 924 [1992]). As relevant to this appeal, the stipulation recites: "An agreement that each of the insurance carriers and the insureds release any and all claims, including subrogation claims, bad faith claims, punitive damage claims

amongst themselves with the exception of . . .: Number one, the issue between Raymond Corporation and AIG National Union as to whether Arbor Handling [Services, Inc.] is entitled to coverage under the policy at issue. If so, five hundred thousand dollars and the costs today [*sic*] (probably means to date) will be refunded to the Raymond Corporation. If not, the Raymond Corporation will pay 2.5 million, less costs, back to AIG National Union."

This stipulation is clear and unambiguous in that it contains no provision for the payment of interest and if the parties had intended that predecision interest be addressed, they should have so stated (*see Mann v Gulf Ins. Co.*, 300 AD2d 452 [2002]). Therefore, we examine the relevant provisions of the CPLR. Under the circumstances here, we conclude that the provisions of CPLR 5001 (a), providing for predecision interest in specific situations, are inapplicable. This is not an action based on a breach of performance of a contract (i.e., the stipulation) nor can it be said that prior to the resolution of the coverage issue, Raymond interfered with title to, possession or enjoyment of any property belonging to defendant. Nevertheless, since the Court of Appeals reinstated the order of Supreme Court, we conclude that CPLR 5002 mandates inclusion of interest from the date of Supreme Court's order (November 5, 2002) to the entry of final judgment.

Lastly, we address plaintiffs' argument that Supreme Court erred by not reducing the $2.5 million basic judgment by the amount of the costs they incurred in defending the underlying action up to the time of the stipulation. First, we again reject defendant's argument, for the reasons hereinbefore expressed, that plaintiffs' failure to serve a reply to its answer constitutes a waiver of this issue. Because of the stipulation, we also reject defendant's argument that the entry of judgment was merely a ministerial act. The stipulation which allows Raymond to re-cover its costs and its $500,000 if there is coverage, and allows Raymond to deduct its costs if it must pay $2.5 million if there is no coverage, can only be interpreted as a recognition by the parties that the duty to defend is broader than the duty to indemnify (*see Automobile Ins. Co. of Hartford v Cook*, 7 NY3d 131, 137 [2006]). Plaintffs now argue that the $3 million self-insured retention contained in the policy with defendant was satisfied when Raymond's vendor (Arbor) contributed its $3 million toward the $6 million settlement making defendant responsible for all costs of defense, including the $297,732 that Raymond had expended. Whether that argument has merit and whether the $297,732 represents the reasonable costs of defense

cannot be determined from this record and must be remitted to Supreme Court for determination.

Cardona, P.J., Crew III, Rose and Kane, JJ., concur. Ordered that the judgment and order are modified, on the law, without costs, by reversing so much thereof as awarded predecision interest of $895,625; matter remitted to the Supreme Court for further proceedings not inconsistent with this Court's decision; and, as so modified, affirmed.