■ ROSELYN MOCHON, Appellant, v JOSEPH MOCHON, Respondent. [902 NYS2d 427]—

In an action for a divorce and ancillary relief, the plaintiff former wife appeals, as limited by her brief, from so much of an order of the Supreme Court, Kings County (Adams, J.), dated April 15, 2009, as, in effect, denied, without prejudice to renewal, that branch of her motion which was for an order directing entry of a judgment for child support arrears in the sum of $49,440.

Ordered that the order is reversed insofar as appealed from, on the law, with costs, that branch of the plaintiff's motion which was for an order directing entry of a judgment for child support arrears in the sum of $49,440 is granted, and the matter is remitted to the Supreme Court, Kings County, for entry of an appropriate judgment.

Pursuant to Domestic Relations Law § 244, "[w]here a spouse in an action for divorce . . . defaults in paying any sum of money as required by the judgment or order directing the payment thereof . . . [u]pon application the court shall make an order directing the entry of judgment for the amount of arrears of child support together with costs and disbursements."

Here, the defendant former husband did not dispute the plaintiff former wife's contention that he owed the sum of $49,440 in child support arrears. Since Domestic Relations Law § 244 requires that a judgment be entered upon application when a party is in default on child support payments (see *Moheban v Moheban*, 149 AD2d 488 [1989]; see also *Matter of Dox v Tynon*, 90 NY2d 166 [1997]), it was error for the Supreme Court to deny, without prejudice to renewal, that branch of the plaintiff's motion which was for an order directing entry of a judgment for child support arrears in the sum of $49,440. Mastro, J.P., Florio, Belen and Roman, JJ., concur.