■ John J. Bellizzi, Jr., Respondent, v Patricia Bellizzi, Appellant. [919 NYS2d 577]—

Egan Jr., J.

The parties were married in 1969. In October 2008, plaintiff (hereinafter the husband) commenced this action for divorce upon the grounds of the alleged cruel and inhuman treatment and constructive abandonment by defendant (hereinafter the wife), and sought, among other things, equitable distribution of the marital property.[1] The wife's amended answer sought, as is relevant here, dismissal of the complaint and spousal maintenance. In January 2009, Supreme Court issued a temporary order that directed the husband to pay the wife monthly spousal maintenance pending resolution of the divorce action. A trial was subsequently conducted in May 2009. At the close of proof on the grounds, the parties agreed that Supreme Court would decide the financial aspects of the case based upon their written submissions. However, when the parties could not agree on the documentation that would be provided to the court, the trial was scheduled to resume in August 2009. Subsequently, by order entered August 17, 2009, Supreme Court dismissed the complaint finding that the husband had failed to prove any causes of action alleged therein. Supreme Court determined that the equitable distribution and ancillary relief sought were moot and canceled the upcoming trial on the financial issues. The husband appealed[2] and the wife cross-appealed from the August 2009 order. In January 2010, during the pendency of the appeal, the wife moved for, among other things, spousal maintenance. In June 2010, Supreme Court denied her motion, finding that it had previously "declined to grant relief" on any of the financial matters in its August 2009 order and that it lacked jurisdiction to consider the application. The wife also appeals from this order.

Initially, we are unpersuaded by the husband's assertion that the August 2009 document issued by Supreme Court does not constitute appealable paper and, thus, the wife's appeal should be dismissed. "An appealable paper is an order or judgment of the court of original instance" (*Raymond Corp. v National Union Fire Ins. Co. of Pittsburgh, Pa.*, 46 AD3d 1251, 1252 [2007] [citation omitted]; *see* CPLR 5512 [a]). Here, while the

---

**1.** Supreme Court granted the husband's motion, made at the commencement of trial, to amend the complaint to assert a cause of action alleging fraud in the inducement.

**2.** In December 2009, this Court granted the husband's request to withdraw his appeal.

Supreme Court document entered in August 2009 is labeled a "decision," the language contained at the foot of the document—"so ordered"—clarifies that it is an appealable paper (*see People v Joslyn*, 27 AD3d 1033, 1035 [2006]; *compare Raymond Corp. v National Union Fire Ins. Co. of Pittsburgh, Pa.*, 46 AD3d at 1252; *Matter of Graziano v County of Albany*, 12 AD3d 819, 820 [2004]).

Next, in addressing the merits of the wife's appeals, we agree that Supreme Court erred in dismissing her spousal maintenance claim as moot when it dismissed the husband's action for divorce. The dismissal of a divorce action because of lack of proof does not divest the court of jurisdiction to hear an application for spousal maintenance when a temporary award of maintenance has already been sought or obtained (*see* Domestic Relations Law § 236 [B] [8] [b]; *Murphy v Murphy*, 257 AD2d 798, 799 [1999]; *King v King*, 230 AD2d 775, 775-776 [1996]; *Forbush v Forbush*, 115 AD2d 335, 337 [1985], *appeal dismissed* 67 NY2d 756 [1986]). Here, the wife sought and obtained an award of temporary spousal maintenance during the pendency of the divorce action. Notwithstanding that the husband's complaint was ultimately dismissed, Supreme Court was not divested of its authority to consider and award permanent spousal maintenance (*see Forbush v Forbush*, 115 AD2d at 337; *compare Murphy v Murphy*, 257 AD2d at 799).

We are not persuaded by the husband's argument that Supreme Court did exercise its jurisdiction and consider the wife's maintenance request in its August 2009 order based on language contained in its June 2010 order that it had previously "declined to grant" that request. The fact is that Supreme Court declined to award the wife spousal maintenance because it had concluded that it lacked jurisdiction to do so once the divorce causes of action were dismissed, rather than as a result of a substantive consideration of the merits of the request. Likewise, based on the wife's amended answer, which requested spousal maintenance, we are unpersuaded that she failed to preserve her claim to spousal maintenance. Finally, the wife's argument with respect to the June 2010 order—that Supreme Court erred in failing to construe her motion as one seeking spousal support pursuant to Family Ct Act article 4—was not raised before Supreme Court and, accordingly, is not properly before us (*see Matter of Lee v Albany-Schoharie-Schenectady-Saratoga Bd. of Coop. Educ. Servs.*, 69 AD3d 1289, 1291 [2010]; *Bender v Peerless Ins. Co.*, 36 AD3d 1120, 1121 [2007]).

Mercure, J.P., Rose and McCarthy, JJ., concur. Ordered that the orders are modified, on the law, without costs, by reversing

so much thereof as determined that defendant's request for spousal maintenance was moot; matter remitted to the Supreme Court for further proceedings not inconsistent with this Court's decision; and, as so modified, affirmed.