Orders, Supreme Court, New York County (Laura E. Drager, J.), entered February 20, 2013, which, inter alia, denied plaintiffs motion for a money judgment for unpaid child support arrears, equitable distribution and other sums, directed defendant to liquidate securities in his separate brokerage account sufficient to pay plaintiff the total sum of $339,035.89 (the payment total), directed the parties to share equally the capital gains tax assessed on the payment total, and denied sub silentio plaintiffs request for postjudgment interest, unanimously modified, on the law and the facts, to grant that part of the motion seeking a money judgment for child support arrears, to direct defendant to pay all of the capital gains tax assessed on the payment total, and interest post-dating the Special Referee’s report and recommendation at the statutory rate on that part of the payment total comprising the enhanced earning capacity award, to remand the matter for further proceedings consistent herewith, and otherwise affirmed, without costs. The Clerk is directed to enter judgment for the child support arrears accordingly.
The parties’ marriage was dissolved by a judgment of divorce entered September 4, 2012. In the judgment, defendant former husband was ordered to pay plaintiff former wife an enhanced earning capacity award of $653,000 over a period of five years without interest, with the first payment of $130,600 due within 30 days of entry of the judgment. The judgment also directed defendant to pay plaintiff her equitable share of other marital assets, as well as $22,616 in child support arrears. In addition, *532 the judgment directed the parties to cooperate in equally dividing all cash and securities contained in the parties’ jointly-held Ameriprise brokerage account.
In November 2012, plaintiff moved, pursuant to Domestic Relations Law § 244, for a money judgment on the ground that defendant had failed to pay certain amounts required by the divorce judgment. Plaintiffs motion included a request for interest from the date of entry of the divorce judgment. In opposing plaintiffs motion, defendant did not dispute that he owed the sums demanded, but contended that he could not pay the amounts due unless the Ameriprise account was liquidated. Defendant argued that plaintiff had failed to cooperate in dividing the account, and cross moved for an order directing plaintiff to sign the forms necessary to effect the division.
The court orally denied plaintiffs motion for a money judgment, and subsequently issued two written orders. In the first order, the court directed Ameriprise to equally divide the cash and securities in the joint brokerage account into two separate accounts, one in plaintiffs sole name and the other in defendant’s sole name. In the second order, the court directed defendant, upon the division of the joint account, to liquidate securities in his separate account sufficient to pay plaintiff the sum of $339,035.89 (comprised of the $130,600 enhanced earning capacity award, the $22,616 in child support arrears, and $185,819.85 representing plaintiffs share of certain former marital assets). The second order directed the parties to share equally the capital gains tax assessed on the $339,035.89, and did not direct payment of any postjudgment interest.
The motion court’s second order should be modified to provide that defendant is solely responsible for the capital gains tax arising from the liquidation of the securities in his separate account. Upon the division of the joint account, each party will have a separate account containing half of the assets in the former joint account. Thus, each party should be responsible for payment of capital gains tax with respect to his or her sole account (see Teitler v Teitler, 156 AD2d 314, 316 [1st Dept 1989], appeal dismissed 75 NY2d 963 [1990] [tax liability should be borne in the same proportion as each party’s share of the asset]). If and when plaintiff liquidates the securities in her separate account, she must bear any resulting tax liability herself.
The motion court should have granted that part of plaintiffs motion seeking a money judgment for the $22,616 in child support arrears. Domestic Relations Law § 244 “mandates that [upon a default in paying] the court shall make an order directing the entry of judgment for the amount of arrears of child *533 support, with no exception” (Matter of Dox v Tynon, 90 NY2d 166, 172 [1997] [internal quotation marks omitted]; see Mochon v Mochon, 74 AD3d 1156, 1157 [2d Dept 2010]). Because the record does not reflect that defendant’s default in paying the child support arrears was willful, an award of interest from the date payment was due is not warranted (see Domestic Relations Law § 244). In light of the parties’ attempt to enter a stipulation as to the division of the Ameriprise account, good cause exists to deny that part of plaintiff’s motion seeking a money judgment for the remaining sums (see id.).
Plaintiffs request for postjudgment interest is governed by the prior appeal in this action (Theophilova v Dentchev, 111 AD3d 463 [1st Dept 2013]). In that appeal, we modified the judgment of divorce to the extent of awarding plaintiff interest post-dating the Special Referee’s report and recommendation at the statutory rate on the enhanced earning capacity award. Thus, the motion court’s second order should be modified accordingly. Plaintiff, however, is not entitled to postjudgment interest on the remaining portion of the equitable distribution award. In the earlier appeal, we rejected that claim as unpreserved and plaintiff is barred by the law of the case doctrine from relitigating this issue (see Matter of Brodsky v New York City Campaign Fin. Bd., 107 AD3d 544, 545-546 [1st Dept 2013]; American Guar. & Liab. Ins. Co. v CNA Reins. Co., Ltd., 42 AD3d 338 [1st Dept 2007]). We decline to address plaintiffs argument that CPLR 5003 requires postjudgment interest on the award of child support arrears. Plaintiff waived this issue by failing to raise it in the prior appeal (see U.S. Bank N.A. v APP Intl. Fin. Co., B.V., 100 AD3d 179, 180 [1st Dept 2012]).
The judgment of divorce required defendant to pay certain unreimbursed medical expenses for plaintiff and unreimbursed and/or unpaid medical, dental, therapy and college expenses for the child. Although plaintiffs motion papers included receipts for these expenses, the motion court neglected to address this issue. Thus, the matter should be remanded for the court to make findings as to the validity of the claimed expenses and enter an appropriate order or judgment. The court also failed to address defendant’s failure to have transferred 344,365 Northwest Airlines miles to plaintiff as required by the divorce judgment. In light of defendant’s having used some of the miles and the subsequent dissolution of the airline, the court on remand should determine the cash equivalent of the miles and direct defendant to pay plaintiff that sum.
Concur—Gonzalez, P.J., Sweeny, Moskowitz, Richter and Clark, JJ.