DANIEL M. LUNDON, JR., Respondent, v FILOMENA LUNDON, Appellant. [993 NYS2d 326]—

In an action for a divorce and ancillary relief, the defendant appeals, as limited by her brief, from so much of an amended

order of the Supreme Court, Queens County (Jackman Brown, J.), entered December 17, 2012, as denied those branches of her motion which were for an award of prejudgment interest pursuant to Domestic Relations Law § 244 on unpaid counsel fees, child support, and maintenance, for an award of counsel fees pursuant to Domestic Relations Law § 237 (c), for a judgment for arrears of child support add-ons, and for qualified domestic relations orders directing payments from the plaintiff's retirement plan to the defendant's attorney to satisfy judgments for unpaid counsel fees, and to the defendant to satisfy judgments for unpaid child support and maintenance.

Ordered that the amended order is modified, on the law, by (1) deleting the provision thereof denying that branch of the defendant's motion which was for a judgment for arrears of child support add-ons, and substituting therefor a provision granting that branch of the motion to the extent that a hearing shall be held to determine the amount of the arrears of child support add-ons owed pursuant to a judgment dated June 17, 2009, and (2) deleting the provision thereof denying that branch of the defendant's motion which was for a qualified domestic relations order directing payments from the plaintiff's retirement plan to the defendant to satisfy judgments for unpaid child support and maintenance, and substituting therefor a provision granting that branch of the motion; as so modified, the amended order is affirmed insofar as appealed from, without costs or disbursements, and the matter is remitted to the Supreme Court, Queens County, for a hearing to determine the amount of arrears of child support add-ons owed by the plaintiff pursuant to the 2009 judgment, and for the entry of an appropriate qualified domestic relations order.

The parties are married and have one child. In a judgment entered June 23, 2009 (hereinafter the 2009 judgment), the Supreme Court, among other things, dismissed, in effect, the cause of action for a divorce, and awarded the defendant permanent maintenance and child support, including a portion of child support add-ons for the child's extracurricular activity expenses, school costs, and unreimbursed health care expenses. Subsequently, in a so-ordered stipulation dated February 3, 2011, the plaintiff agreed to pay certain sums for child support and maintenance arrears owed pursuant to the 2009 judgment. Further, he agreed to pay an amount to the defendant's attorney for legal fees incurred in attempting to enforce the 2009 judgment.

After the plaintiff failed to make the agreed-upon payments, the defendant moved for judgments for the unpaid counsel fees,

child support, and maintenance, for an award of prejudgment interest pursuant to Domestic Relations Law § 244 on those unpaid obligations, for qualified domestic relations orders (hereinafter QDROs) directing payments from the plaintiff's retirement plan to the defendant's attorney to satisfy judgments for unpaid counsel fees, and to the defendant to satisfy unpaid judgments for child support and maintenance, and for an award of counsel fees pursuant to Domestic Relations Law § 237 (c) incurred in connection with her motion. In the amended order appealed from, the Supreme Court granted those branches of the defendant's motion which were for judgments for the unpaid counsel fees and arrears of child support and maintenance, and denied the remaining branches of the motion.

The Supreme Court properly denied those branches of the defendant's motion which were for awards of prejudgment interest and counsel fees, since the plaintiff established that his default was not willful (*see* Domestic Relations Law §§ 237 [c]; 244; *Theophilova v Dentchev*, 117 AD3d 531 [2014]; *Miklos v Miklos*, 39 AD3d 826, 828 [2007]; *Yeager v Yeager*, 38 AD3d 534, 534-535 [2007]).

Moreover, the Supreme Court properly denied, without a hearing, that branch of the defendant's motion which was for a judgment for arrears of child support add-ons allegedly owed by the plaintiff pursuant to an order of the Family Court, Kings County, dated January 18, 2007, which the defendant failed to submit in support of her motion (*see Moskwa v Moskwa*, 232 AD2d 383 [1996]).

However, since the plaintiff did not dispute that he was required to pay a portion of child support add-ons pursuant to the 2009 judgment and failed to do so, the Supreme Court should have granted that branch of the defendant's motion which was for a judgment for the arrears of child support add-ons owed by the plaintiff pursuant to the 2009 judgment to the extent of setting the matter down for a hearing to determine the amount of such arrears (*see D'Anna v D'Anna*, 17 AD3d 400, 401 [2005]; *see also Fackelman v Fackelman*, 50 AD3d 732, 734 [2008]). Contrary to the Supreme Court's conclusion, the defendant did not waive her claim to unpaid child support add-ons in the so-ordered stipulation. In the stipulation, the defendant's agreement to withdraw any claim to such arrears was "without prejudice" and, therefore, did not bar a new claim for the same amounts (*see Matter of Kummer*, 93 AD2d 135, 170 [1983]). Moreover, the dismissal, in effect, of the cause of action for a divorce did not divest the Supreme Court of jurisdiction to award child support add-ons and entertain the defendant's mo-

tion to enforce the award (*see* Domestic Relations Law §§ 236 [B] [8] [b]; 244; *Bellizzi v Bellizzi*, 82 AD3d 1541, 1543 [2011]; *Holloway v Holloway*, 35 AD3d 1126, 1128 [2006]; *King v King*, 230 AD2d 775, 775-776 [1996]).

The Supreme Court also should have granted that branch of the defendant's motion which was for a QDRO directing payments from the plaintiff's retirement plan to the defendant to satisfy the judgments for the arrears of child support and maintenance. Defaults in child support and maintenance obligations may be enforced by QDROs against pension and retirement plans (*see York v York*, 300 AD2d 475, 475 [2002]; *Bumstead v Raisbeck*, 230 AD2d 759, 760 [1996]; *Adler v Adler*, 224 AD2d 282, 282-283 [1996]). The requested order in favor of the defendant met the definitional requirements for a QDRO under the Employee Retirement Income Security Act of 1974 (ERISA) and the Internal Revenue Code, as QDROs relate "to the provision of child support [and] alimony payments" and would assign to the defendant spouse, an "alternate payee," the right to receive benefits payable under the plaintiff's retirement plan (26 USC § 414 [p] [1] [B] [i]; [8]; 29 USC § 1056 [d] [3] [B] [ii] [I]; [K]; *see Renner v Blatte*, 170 Misc 2d 579, 583 [Sup Ct, NY County 1996]). Moreover, since the awards of child support and maintenance in the 2009 judgment were authorized by Domestic Relations Law § 236 (B) (8) (b) (*see Bellizzi v Bellizzi*, 82 AD3d at 1543; *King v King*, 230 AD2d at 775-776), the order aiding enforcement of those awards would be "made pursuant to a State domestic relations law" (26 USC § 414 [p] [1] [B] [ii]; 29 USC § 1056 [d] [3] [B] [ii] [II]; *see Boylan v Dodge*, 42 AD3d 632, 633 [2007]; *Adler v Adler*, 224 AD2d at 282-283). However, the Supreme Court properly denied that branch of the motion which was for a QDRO directing payments from the plaintiff's retirement account to the defendant's attorney to satisfy unpaid counsel fees, since the attorney does not qualify as an "alternate payee" (26 USC § 414 [p] [8]; 29 USC § 1056 [d] [3] [K]; *see J.K.C. v T.W.C.*, 39 Misc 3d 899, 913 [Sup Ct, Monroe County 2013]; *cf. Adler v Adler*, 224 AD2d at 282-283).

The defendant's remaining contention is without merit.

Accordingly, we remit the matter to the Supreme Court, Queens County, for a hearing to determine the amount of arrears of child support add-ons owed by the plaintiff pursuant to the 2009 judgment, and for the entry of an appropriate QDRO. Skelos, J.P., Dickerson, Austin and Duffy, JJ., concur.