■ NORTHRUP CONTRACTING, INC., Respondent-Appellant, v VILLAGE OF BERGEN, Appellant-Respondent, and MRB GROUP, P. C., Formerly Known as HERSHEY, MALONE & ASSOCIATES, Appellant.—Order unanimously modified on the law to grant defendant Village of Bergen's motion to the extent of dismissing plaintiff's first, second, eighth and ninth causes of action and as modified affirmed without costs. Memorandum: Plaintiff entered into a contract with the Village of Bergen to construct a portion of its sanitary sewer system. Defendant MRB Group, P. C. (MRB) was hired by the village to prepare the bid specifications and contract documents for the project and to administer the construction phase. During the construction phase, unanticipated excess water was encountered, resulting in delays, for which plaintiff demanded additional payments. The village and plaintiff ultimately entered into a settlement agreement to resolve this issue which in part provides: "The Contractor does hereby release the Village from any costs, charges or damages due to the delay caused by or related to the excess water * * * past, present or future, and Contractor acknowledges that no further money is or shall be owed to the Contractor by the Village because of the delay encountered or to be encountered thereby." Subsequently, the contract was terminated with both parties contending that the termination was caused by the other's breach of contract.

Plaintiff brought suit alleging 11 causes of action against the village and MRB. In its first two causes of action, plaintiff seeks damages, including the costs of additional material and

labor resulting from the delays caused by the excess water. Additionally, a number of causes of action are asserted against the village based on its wrongful termination of the contract. Plaintiff further in its eighth and ninth causes of action seeks damages based on the village's negligence. Plaintiff also asserts causes of action against MRB for its negligence, malpractice and negligent misrepresentations in the preparation of the contract documents and the administration of the construction. The village counterclaimed for damages flowing from plaintiff's alleged wrongful termination of the contract.

The village moved to dismiss in part based on the settlement agreement and plaintiff's admitted failure to comply with General Municipal Law § 50-e. Plaintiff opposed the motion and cross-moved for summary judgment. Meanwhile, MRB moved to dismiss plaintiff's complaint for failure to state a cause of action, as it was not in privity of contract with plaintiff. Special Term denied all motions, except for granting dismissal of plaintiff's eleventh cause of action against MRB.

We disagree in part. Since the terms of the settlement agreement are unambiguous, it is the responsibility of the court to interpret it, and its meaning must be gleaned from the face of the instrument *(Teitelbaum Holdings v Gold,* 48 NY2d 51, 56; *Hartford Acc. & Indem. Co. v Wesolowski,* 33 NY2d 169). In the absence of ambiguity, matters extrinsic to the agreement may not be considered in determining its intent and the words used must be given their plain meaning in defining the parties' rights *(Teitelbaum Holdings v Gold, supra; Benderson Dev. Co. v Schwab Bros. Trucking,* 64 AD2d 447, 456). The plain language of the settlement agreement releases the village from any costs, charges or damages of whatever nature, past, present or future, related to or associated with the delays encountered or to be encountered due to excess water. Because plaintiff's first and second causes of action seek only damages caused by these delays, they must be dismissed.

Special Term also erred in failing to dismiss plaintiff's eighth and ninth causes of action alleging, *inter alia,* negligence in hiring and supervising MRB and in preparing the contract documents. Although these causes of action sound in tort, Special Term held that no notice of claim was required because the duties allegedly breached find their source and measure in the contract *(Fraccola v City of Utica,* 77 AD2d 161, 165). To the extent that the duty allegedly breached overlaps the contractual duty, the claim is duplicative of

plaintiff's breach of contract action. A claim for breach of any duty beyond the contractual duty would, of course, sound in tort and therefore require a notice of claim. Because plaintiff admittedly failed to file the required notice of claim pursuant to General Municipal Law § 50-e, these tort claims must be dismissed *(Pretino v Wolbern,* 84 AD2d 830).

Special Term properly dismissed plaintiff's cross motion for summary judgment on the village's counterclaims. The liquidated damages clause governs delay damages and does not apply where the contractor does not complete the job *(see, Murphy v United States Fid. & Guar. Co.,* 100 App Div 93, 97-98, *affd* 184 NY 543; *Village of Canton v Globe Indem. Co.,* 201 App Div 820, 824).

We affirm in all other respects. (Appeals from order of Supreme Court, Monroe County, Boehm, J.—dismiss complaint; summary judgment.) Present—Dillon, P. J., Callahan, Doerr, Green and Lawton, JJ.