■ CHARLENE A. MAYEFSKY, Respondent, v ELLIOT MAYEFSKY, Appellant.—Mercure, J. Appeal (transferred to this court by order of the Appellate Division, Second Department) from an order of the Supreme Court (Peter Patsalos, J.), entered February 8, 1992 in Orange County, which granted plaintiff's motion to compel defendant to comply with the parties' judgment of divorce.

In May 1990, the parties entered into a stipulation of settlement, spread upon the record in open court, which provided, among other things, for equitable distribution of marital property. In their stipulation, the parties provided that plaintiff be distributed the marital residence, a $31,800 bank account and a $180,000 distributive award, payable by defendant in six installments over a period of five years. In exchange, plaintiff was to release to defendant her interest in the assets of defendant's medical businesses, including an office building and a surgical practice and related diagnostic laboratory facilities. At issue on this appeal is the parties' additional provision for distribution of defendant's pension and profit sharing accounts upon the following terms: "[defendant] agrees to transfer to [plaintiff] all right, title and interest in the sum of $28,053 which is in his pension in the Middletown Surgical Group [and] the sum of $66,781 which is in his profit sharing account at the Middletown Surgical

Group". The provisions of the stipulation of settlement were incorporated but not merged into a July 1990 judgment of divorce.

In December 1990, plaintiff made application for an order, *inter alia,* compelling defendant's immediate payment to her of $94,834, alleged to be her distributive share of defendant's pension and profit sharing plans under the terms of the parties' stipulation and judgment of divorce. Supreme Court granted the motion, and defendant appeals.

Clearly, our sole function here is to interpret the stipulation of settlement and glean the intent of the parties from the plain language of the stipulation *(see, Teitelbaum Holdings v Gold,* 48 NY2d 51, 56; *Michaelson v Michaelson,* 180 AD2d 855, 857-859 [dissenting mem]; *Metz v Metz,* 175 AD2d 938, 939-940; *Northrup Contr. v Village of Bergen,* 129 AD2d 1002, 1003). Defendant contends that he is not obligated to transfer the sum of $94,834 to plaintiff outright; rather, he claims that he is required to transfer to her, by a "qualified domestic relations order" made pursuant to the Retirement Equity Act of 1984, his right, title and interest in a $28,053 share of his pension account and his right, title and interest in a $66,781 share of his profit sharing account. We agree.

First, if it was the purpose of the parties that defendant immediately transfer the sum of $94,834 to plaintiff, there would have been no reason for the insertion of the prepositional object, "[the husband's] right, title and interest", in both retirement asset grants. Second, the other cash provisions of the agreement are set forth with specificity. For example, the stipulation provides that plaintiff's distributive award of $180,000 be paid at the rate of $18,000 per year for a period of five years with the balance of $90,000 due five years from the date of the stipulation. No reason has been suggested for the failure to provide for or employ the same specificity with respect to the retirement account grants. Because substantially all of the liquid assets were being distributed to plaintiff under the terms of the settlement, leaving defendant with no source for the payment of these moneys outright, the failure to explain why the $94,834 was not included in the distributive award is particularly significant. Finally, if the agreement contemplated an absolute transfer of $94,834, the stipulation would have provided for a tax allocation. Given that no tax consequences would result from the transfer by a qualified domestic relations order *(see,* 11C Zett-Kaufman-Kraut, NY Civ Prac § 77.09), the failure to address the issue further demonstrates the parties' intent to transfer certain

sums in the pension and profit sharing plans as limited by those plans.

Yesawich Jr. and Crew III, JJ., concur.

Mikoll, J. (dissenting). We respectfully dissent. In our view Supreme Court properly interpreted the disputed contract provision and we would therefore affirm.

A reviewing court "may not, under the guise of interpretation, make a new contract for the parties or change the words of a written contract so as to make it express the real intention of the parties if to do so would contradict the clearly expressed language of the contract * * *. As we [have] noted * * * we 'concern ourselves with what the parties intended, but only to the extent that they evidenced what they intended by what they wrote' " (*Rodolitz v Neptune Paper Prods.*, 22 NY2d 383, 386-387, quoting *Raleigh Assocs. v Henry*, 302 NY 467, 473 [citations omitted]). Here, the parties carefully provided for each transaction and, had they intended a deferred transfer with respect to the disputed provision, they would have spelled it out. Yet, there is no provision that plaintiff would accept a qualified domestic relations order, so necessary to accomplish defendant's claim. In the stipulation the phrase "all right, title and interest" merely indicates that defendant has the capacity to make the transfer of the specified sum of money. The phrases "which is in his pension" and "which is in his profit sharing account" are identifying words of no more effect than phrases such as "which is in my savings account" or "which is in my checking account". Significantly, the disputed paragraph further provided that defendant "shall also release and waive all claim to $31,800 which is in First Federal Savings and Loan bank located in Middletown, New York, *which is the subject of a court-ordered freeze which will hereby be lifted for the purpose of transferring said assets to [plaintiff]*" (emphasis supplied). Clearly, then, if the parties intended that [plaintiff] accept a qualified domestic relations order, they would have so specified as was done with regard to the transfer of the sum of $31,800.

Weiss, P. J., concurs. Ordered that the order is reversed, on the law, with costs, and motion denied.