■ CHILDREN'S VILLAGE, Appellant, et al., Plaintiff, v GREENBURGH ELEVEN TEACHERS' UNION FEDERATION OF TEACHERS, LOCAL 1532, AFT, AFL-CIO, et al., Respondents. [671 NYS2d 503] —In an action for a declaratory judgment and injunctive relief, the plaintiff Children's Village appeals from an order of the Supreme Court, Westchester County (Nastasi, J.), dated May 16, 1997, which denied its motion for attorney's fees pursuant to Judiciary Law § 773.

Ordered that the order is reversed, on the law, with costs, the appellant's motion is granted, and the matter is remitted to the Supreme Court, Westchester County, for a determination of the amount of the attorney's fees to which the appellant is entitled.

The appellant made an application before the Supreme Court to hold the defendant Greenburgh Eleven Teachers' Union Federation of Teachers, Local 1532 AFT, AFL-CIO (hereinafter the Union), and others, in civil contempt for wilful violation of a temporary restraining order. The court granted the application, and ordered, *inter alia*, the Union to pay $15,800, representing the attorney's fees and costs incurred by the appellant in connection with the application. The Union appealed, and this Court affirmed the order (*see, Children's Vil. v Greenburgh Eleven Teachers' Union Fedn. of Teachers,* 232 AD2d 357). Thereafter, the appellant moved before the Supreme Court for attorney's fees incurred in connection with the Union's appeal from the order which held it in contempt. The Supreme Court denied the motion, holding that Judiciary Law § 773 does not authorize an award of counsel fees in connection with an appeal arising from a contempt proceeding.

We disagree, and therefore, reverse the order which denied the appellant's motion for attorney's fees, and remit the matter to the Supreme Court for a determination of the appropriate sum that the appellant should be awarded. Judiciary Law § 773 permits recovery of attorney's fees from the offending party by a party aggrieved by the contemptuous conduct (*see, e.g., Quantum Heating Servs. v Austern,* 121 AD2d 437, 438). The intent of that section is to indemnify the aggrieved party for costs and expenses incurred as a result of the contempt (*see, State of New York v Unique Ideas,* 44 NY2d 345, 349). In this case, the attorney's fees incurred by the appellant in connection with the Union's appeal from the order which held it in contempt are a "direct product of the contempt proceeding" and

are therefore recoverable (*see, Glanzman v Fischman,* 143 AD2d 880, 881). Bracken, J. P., O'Brien, Santucci and Altman, JJ., concur.