■ FRANK E. KUNKER, III, et al., Respondents, v ISLE HARBOUR ESTATES, INC., et al., Appellants. [738 NYS2d 740] —Carpinello, J. Appeal from a judgment of the Supreme Court (Sheridan, J.), entered March 2, 2001 in Warren County, upon a decision of the court in favor of plaintiffs.

At issue on appeal is the legal interpretation of a 1982 settlement stipulation, memorialized in a 1983 Supreme Court order, governing access to beach rights and docking facilities in a

subdivision located on Lake George in the Town of Bolton, Warren County. Plaintiffs are successors in interest to Huldah Kunker, the original owner of the subdivision. All individual defendants are purchasers of five lots designated as "Section One" on the subdivision, and defendant Isle Harbor Estates, Inc. (hereinafter the Homeowners' Association) is a homeowners' association formed by them.* The Homeowners' Association has legal title to a "common area" in the subdivision which provides access to lake frontage and docking facilities on an adjoining island called Children's Point. The 1982 stipulation and the 1983 order each clearly contemplated the development of five additional lots in "Section Two" of the subdivision, the future owners of which were to have use of "the *entire* common area" (emphasis supplied). The stipulation also provided as follows: "There will be in the future, a limit on the number of docks that can be placed on Children's Point, which is an island which is part of the common area to be conveyed [to the Homeowners' Association], and that limit will be ten lots—ten docking spaces. There will be a limit to the number of lots and owners thereof who can use the common areas to be conveyed to the Homeowners' Association, and a limit on the membership in the Homeowners' Association, to ten lots total."

After the Homeowners' Association permanently assigned five of the six existing dock slips on Children's Point to the individual defendants *exclusively*, plaintiffs commenced this action to enforce their rights as "Section Two" lot owners under the stipulation and order. Following a bench trial, Supreme Court rendered a lengthy, written decision in plaintiffs' favor. Defendants appeal, and we now affirm.

We have little to add to Supreme Court's thorough analysis of the issues. In sum, a stipulation of settlement "made in open court and stenographically recorded is enforceable as a contract and is governed by general contract principles for its interpretation and effect" (*Carnicelli v Carnicelli*, 205 AD2d 726, 727-728; *see, Javarone v Pallone*, 234 AD2d 814, *appeals dismissed* 89 NY2d 1030, 90 NY2d 884). "The role of the court is to determine the intent and purpose of the stipulation based on an examination of the record as a whole * * *" (*Carnicelli v Carnicelli, supra* at 728 [citations omitted]). Upon our own review of the record, we find no basis to disagree with Supreme Court's conclusion that the stipulation of settlement afforded lot owners in both Sections One and Two full use of all of the

---

* Notably, each defendant (with the exception of two of the individual defendants who together purchased one particular lot in 1995) was a party plaintiff in the action which culminated in the 1983 order.

common areas thereby precluding exclusive assignment of docking rights.

Defendants make much of the fact that the deed filed by Kunker in compliance with Supreme Court's order conveying title to the common area to the Homeowners' Association failed to explicitly reserve the now disputed rights set forth in the stipulation and order. It is well settled that the merger doctrine "does not apply where there is a clear intent evidenced by the parties that a particular provision will survive delivery of the deed or where there is a collateral undertaking" (*Goldsmith v Knapp*, 223 AD2d 671, 673; *see, Davis v Weg*, 104 AD2d 617). Adopting defendants' argument would defeat the clear terms of the stipulation and be tantamount to an impermissible collateral attack on the order entered in conformance therewith.

To the extent not otherwise discussed, defendants' remaining arguments have been considered and rejected as without merit.

Mercure, J.P., Peters and Rose, JJ., concur. Ordered that the judgment is affirmed, with costs.