■ MICHAEL G. DUDICK, Appellant, v JOSEPH S. GULYAS, Respondent. [770 NYS2d 924]—

Lahtinen, J. Appeal from an order of the Supreme Court (Williams, J.), entered December 4, 2002 in Saratoga County, which denied plaintiff's application for a second amended judgment.

Following plaintiff's 1997 commencement of an action for malicious prosecution against defendant, both parties consented to the terms of a stipulation of settlement. The stenographically recorded stipulation, which was made in open court with both parties and their counsel present, provided in relevant part: "[The] parties have agreed that [defendant] will make a payment to [plaintiff] and our office in the amount of $15,000 payable by December 31st of 2001. In the event that that payment is not made in a timely fashion, and I believe we will agree to what that means in the written agreement, a judgment in the amount of $40,000 will be allowed to be entered. In addition, a payment in the amount of $10,000 will be made by [defendant] to [plaintiff] and our office by June 30th of 2002. In the event that that payment is not made, and likewise we will agree on what that means, what the terms are regarding the receipt of that payment, [defendant] would agree to the entry of a judgment of $20,000." Pursuant to the terms of the stipulation, Supreme Court entered judgment in favor of plaintiff for $40,000 following defendant's failure to make the first required payment of $15,000 by December 31, 2001. An amended judgment correcting the caption was also filed. When defendant failed to make the payment due by June 30, 2002, plaintiff made an application for a second amended judgment in the amount of $51,374.09, representing both the $40,000 and the $20,000 judgments, plus interest, less the $10,000 payment defendant made after his initial default. Supreme Court denied plaintiff's application by letter dated November 19, 2002 and interpreted the stipulation as entitling plaintiff to only one judgment for $40,000. Plaintiff appeals.

We reverse. At the outset, we find that Supreme Court's letter decision has been properly reduced to an order and, thus, may be appealed by plaintiff (*see* CPLR 5512 [a]; *cf. O'Fennell Corp. v O'Fennell's of Pine Hill*, 188 AD2d 981, 982 [1992]). Turning to the merits, we note that our task is to interpret the disputed language of the stipulation (*see Kunker v Isle Harbour Estates*, 292 AD2d 679 [2002], *lv denied* 98 NY2d 605 [2002]; *Mayefsky v Mayefsky*, 184 AD2d 954, 955 [1992], *appeal dismissed* 80 NY2d

924 [1992]). "Stipulations of settlement are essentially contracts . . . [that] should be enforced in accordance with their terms" (*Serna v Pergament Distribs.*, 182 AD2d 985, 986 [1992], *lv dismissed* 80 NY2d 893 [1992] [citations omitted]). Where a stipulation is properly placed on the record in open court and its terms are clear and unambiguous, "the parties' intent is to be gleaned from the language of the agreement and whatever may be reasonably implied therefrom" (*H.K.S. Hunt Club v Town of Claverack*, 222 AD2d 769, 769 [1995], *lv denied* 89 NY2d 804 [1996]; *see Corrigan v Breen*, 241 AD2d 861, 863 [1997]). However, when an ambiguity exists that cannot be resolved without reference to extrinsic evidence, a summary determination is not appropriate (*see Amusement Bus. Underwriters v American Intl. Group*, 66 NY2d 878, 880-881 [1985]).

In this regard, the parties clearly intended that plaintiff would receive $25,000 if defendant made the two payments required by the terms of the stipulation. Likewise, it is clear that plaintiff would have been entitled to a total recovery of $35,000 if defendant paid the first payment of $15,000 but defaulted on the second $10,000 payment allowing plaintiff to enter a judgment against defendant in the amount of $20,000. However, what the parties intended plaintiff's recovery would be upon defendant's default in making the first payment is not so clear. Whether plaintiff was to receive a $40,000 judgment or judgments totaling $60,000 cannot be reasonably implied from the language set forth on the record by plaintiff's counsel (*cf. Tri Town Antlers Found. v Fireman's Fund Ins. Co.*, 76 NY2d 841, 842 [1990]). The "written agreement" referenced in the stipulation was not submitted to this Court for its review and, upon oral argument, plaintiff's counsel indicated that, although a written agreement was prepared, it was never executed. On this record, we conclude that "determination of the intent of the parties depends on the credibility of extrinsic evidence or on a choice among reasonable inferences to be drawn from extrinsic evidence" (*Hartford Acc. & Indem. Co. v Wesolowski*, 33 NY2d 169, 172 [1973]). Accordingly, the order must be reversed and the matter remitted to Supreme Court.

Spain, J.P., Mugglin, Rose and Kane, JJ., concur. Ordered that the order is reversed, on the law, with costs, and matter remitted to the Supreme Court for further proceedings not inconsistent with this Court's decision.