DATA-TRACK ACCOUNT SERVICES, INC., et al., Respondents, v CURTIS W. LEE, Appellant. [788 NYS2d 913]—

Appeal from a judgment of the Supreme Court, Erie County (Joseph G. Makowski, J.), entered October 22, 2002. The judgment granted plaintiffs' motion to the extent that it sought attorney's fees and disbursements and awarded plaintiffs the amount of $73,461.97.

It is hereby ordered that the judgment so appealed from be and the same hereby is unanimously modified on the law by vacating the amount awarded and as modified the judgment is affirmed without costs, and the matter is remitted to Supreme Court, Erie County, for further proceedings in accordance with the following Memorandum: Supreme Court properly granted plaintiffs' motion to the extent that it sought attorney's fees and disbursements incurred by plaintiffs "as a result of[, inter alia, ] defendant's contempt of court and plaintiffs' efforts to defend on appeal the Court's Order of Contempt, Summary Judgment and Sanctions, and Permanent Injunction" in *Data-Track Account Servs. v Lee* (291 AD2d 827 [2002], *lv dismissed* 98 NY2d 727 [2002], *rearg denied* 99 NY2d 532 [2002]). "Judi-

ciary Law § 773 permits recovery of attorney's fees from the offending party by a party aggrieved by the contemptuous conduct" (*Children's Vil. v Greenburgh Eleven Teachers' Union Fedn. of Teachers, Local 1532, AFT, AFL-CIO*, 249 AD2d 435, 435 [1998]; *see Costanza v Costanza* [appeal No. 2], 213 AD2d 1043, 1044 [1995]). "The intent of that section is to indemnify the aggrieved party for costs and expenses incurred as a result of the contempt," and thus the reasonable attorney's fees and disbursements incurred by plaintiffs in defending the appeal from the order of contempt are recoverable as "a 'direct product of the contempt proceeding' " (*Children's Vil.*, 249 AD2d at 435), as are the reasonable attorney's fees and disbursements incurred by plaintiffs with respect to the fee application itself (*see generally Podhorecki v Lauer's Furniture Stores*, 201 AD2d 947 [1994]). Thus, the court properly awarded plaintiffs attorney's fees and disbursements incurred with respect to the fee application as well.

We agree with defendant, however, that the court erred in granting plaintiffs' motion to the extent of awarding plaintiffs attorney's fees and disbursements without conducting a hearing to determine the amount of reasonable attorney's fees and disbursements to which plaintiffs are entitled (*cf. Blum v Stenson*, 465 US 886, 892 n 5 [1984]; *Podhorecki*, 201 AD2d at 947). Thus, we modify the judgment accordingly, and we remit the matter to Supreme Court for a hearing to determine that issue. Present—Pigott, Jr., P.J., Pine, Kehoe and Gorski, JJ.