■ H. RAYMOND CARNEY, JR., Appellant, v JOHN F. CAROZZA et al., Respondents. [792 NYS2d 642]—

Kane, J. Appeal from an order of the Supreme Court (O'Shea, J.), entered February 18, 2004 in Chemung County, which, inter alia, granted defendants' motion for summary judgment dismissing the complaint.

Plaintiff commenced this action against his former partners and their dental practice alleging, among other things, that defendants wrongfully terminated his interest in the partnership in violation of the partnership agreement. After Supreme Court denied both parties' motions for summary judgment, the parties engaged a mediator to assist them in settling the action and potential claims regarding other partnerships between the parties. During negotiations, the mediator shuttled between the

parties, who were represented by counsel. The parties never spoke to each other directly during the mediation. Following numerous proposals, including a request by plaintiff for an increase in the settlement amount to offset any income tax liability that may arise from selling his interest in a real property partnership, defendants agreed to increase the settlement sum. The mediator and counsel for each party then reduced the agreement to a writing which was signed by the parties, both counsel and the mediator before anyone left that night.

Several days later, plaintiff indicated that he did not intend to comply with the settlement agreement because his accountant informed him of major tax consequences and plaintiff maintained that he had conditioned his acceptance of the settlement on favorable tax treatment resulting in a net amount equal to the amount in the agreement. Defendants moved to amend their answer to include the defense of settlement and release, and for summary judgment dismissing the complaint on that ground. Supreme Court granted both motions, leading to plaintiff's appeal.* We affirm.

A stipulation of settlement is essentially a contract between the parties which must be enforced according to its terms, without reference to extrinsic evidence unless the terms are ambiguous (*see CV Holdings, LLC v Artisan Advisors, LLC*, 9 AD3d 654, 656 [2004]; *Dudick v Gulyas*, 4 AD3d 604, 606 [2004]; *Serna v Pergament Distribs.*, 182 AD2d 985, 986 [1992], *lv dismissed* 80 NY2d 893 [1992]). A contract or stipulation is only enforceable if it is definite as to all material terms; "a mere agreement to agree" in the future is unenforceable (*Joseph Martin, Jr., Delicatessen v Schumacher*, 52 NY2d 105, 109 [1981]; *see May Metro. Corp. v May Oil Burner Corp.*, 290 NY 260, 264 [1943]). Plaintiff contends that the handwritten document he signed was merely an agreement to agree. Contrary to his contention that the signed document contemplated a future agreement, even if the parties contemplated a more formal typewritten agreement, the essential terms were all set forth in the handwritten version, thus binding all parties to that agreement.

Plaintiff further contends that the agreement should be set aside based on a mutual mistake of fact regarding the tax consequences of the agreement. A contract or stipulation entered into under a mutual mistake of fact is subject to rescission if such mutual mistake existed at the time the contract was entered into and is so substantial that the agreement does not represent

---

* Based on plaintiff's failure to address that part of Supreme Court's order granting defendants' motion to amend their answer, that issue is deemed abandoned (*see Smith v Sheppard*, 301 AD2d 913, 914 n [2003]).

a true meeting of the parties' minds (*see Matter of Gould v Board of Educ. of Sewanhaka Cent. High School Dist.*, 81 NY2d 446, 453 [1993]; *Matter of Janet L.*, 287 AD2d 865, 866 [2001]). Plaintiff must support his theory of mutual mistake of fact with clear and convincing proof (*see Vermilyea v Vermilyea*, 224 AD2d 759, 760-761 [1996]), a heavy burden in recognition of the public policy favoring enforcement of settlement agreements (*see Booth v 3669 Delaware*, 92 NY2d 934, 935 [1998]; *Matter of Janet L., supra* at 866). The agreement itself makes no reference to any condition regarding tax consequences of the settlement, despite plaintiff having raised that issue during the mediation. There is no evidence that defendants in any way believed that such a condition existed, thus rendering the mistake of fact, if any existed at the time the agreement was signed, unilateral. As plaintiff failed to produce clear and convincing evidence of a mutual mistake of fact, the agreement is enforceable and Supreme Court properly granted the motion for summary judgment dismissing the complaint.

Cardona, P.J., Crew III, Carpinello and Mugglin, JJ., concur. Ordered that the order is affirmed, with costs.