Spain, J.
Appeals (1) from an order of the Supreme Court (Tomlinson, J.), entered April 25, 2012 in Albany County, which, among other things, awarded counsel fees to defendants, and (2) from the judgment entered thereon.
The facts of this shareholder derivative action are set forth more fully in the prior decisions of this Court (77 AD3d 1241 [2010], lv dismissed 16 NY3d 888 [2011]; 55 AD3d 1211 [2008]). The parties entered into a stipulation of settlement in 2005 that, among other things, required defendant David R. White to purchase plaintiff’s ownership interest in defendant Norpco Restaurant, Inc., using a share price set by appraisers. Supreme Court denied plaintiffs subsequent attempts to set the stipulation aside and, on defendants’ motion, ordered that it be enforced. Plaintiff remained unwilling to comply with the stipulation, prompting Supreme Court to hold him in contempt and make an award of counsel fees to defendants. This Court upheld both the enforcement and contempt orders upon appeal (55 AD3d at 1214-1215).
The parties appeared before Supreme Court in 2009 so that the amount of the fee award could be determined, and stipulated to the admission of invoices that documented the services provided by defense counsel from June 2006 through March 2009. Defendants also contended that they were entitled to reimbursement for their counsel’s efforts to obtain a fee award, and submitted additional documentation covering the period from April 2009 to July 2009. Supreme Court thereafter determined that defendants were entitled to fees for legal work performed for both periods, i.e., between June 2006 and July 2009, and made a fee award of $64,205.55. Because plaintiff was deprived of the agreed-upon opportunity to request a hearing on the reasonableness of the underlying fees, this Court upheld the scope of the fee award in all respects, but remitted solely to permit a hearing limited to the reasonableness of the fees (77 AD3d at 1245).
Supreme Court conducted that hearing in October 2011 and, over plaintiffs objection, admitted into evidence the previously submitted documentation of defendants’ counsel fees. Defend *1105 ants also successfully offered additional evidence that documented the fees incurred through 2011. Following the hearing, Supreme Court issued a comprehensive order that, among other things, carefully considered all factors relevant to the reasonableness of the fee request and made a fee award of $80,896.79. Plaintiff appeals from that order, as well as the judgment entered thereon.
We affirm. Initially, plaintiff continues to argue that the stipulation of settlement was unenforceable and that he was improperly held in contempt. This Court rejected those arguments upon plaintiffs prior appeals, which is now the law of the case, and, despite his protestations, we perceive no legitimate basis upon which to revisit them (see Webster v Ragona, 51 AD3d 1128, 1131-1132 [2008]; Shawangunk Conservancy v Fink, 305 AD2d 902, 903 [2003]).
Turning to the fee award itself, plaintiff argues that defendants failed to provide a proper evidentiary basis to support it. The invoices provided by defendants, however, were properly admitted as business records detailing legal work that was, in fact, “directly related to the contemptuous conduct” (Hamilton v Murphy, 79 AD3d 1210, 1213 [2010], lv dismissed 16 NY3d 794 [2011]; see Judiciary Law § 773; 77 AD3d at 1245; Holskin v 22 Prince St. Assoc., 178 AD2d 347, 348-349 [1991]). Plaintiff failed to submit any evidence at the hearing to suggest that the documented fees were unreasonable or excessive and, thus, the fee award was in all respects proper (see Matter of Lembo v Mayendia-Valdes, 293 AD2d 789, 790-791 [2002]; Matter of Daniels v Guntert, 256 AD2d 940, 942 [1998]). Plaintiff’s remaining claims are entirely meritless.
Rose, J.B, Stein and Garry, JJ., concur. Ordered that the order and judgment are affirmed, with costs.