■ In the Matter of JOHN McNELIS, Respondent, v SUSAN M. CARRINGTON, Appellant. [983 NYS2d 438]—

In related child custody proceedings pursuant to Family Court Act article 6 and related family offense proceedings pursuant to Family Court Act article 8, the mother appeals from stated portions of an order of the Family Court, Rockland County (Warren, J.), entered January 10, 2013, which, inter alia, found her in civil contempt for violating a prior order of the same court dated July 22, 2011, and granted the father an order of protection.

Ordered that the order entered January 10, 2013, is affirmed insofar as appealed from, without costs or disbursements.

To find a party in civil contempt of court pursuant to Judiciary Law § 753, the applicant must demonstrate, by clear and convincing evidence, " '(1) that a lawful order of the court, clearly expressing an unequivocal mandate, was in effect, (2) that the order was disobeyed and the party disobeying the order had knowledge of its terms, and (3) that the movant was prejudiced by the offending conduct' " (*El-Dehdan v El-Dehdan,* 114 AD3d 4, 16-17 [2013], quoting *Bernard-Cadet v Gobin,* 94 AD3d 1030, 1031 [2012]; *see* Judiciary Law § 753 [A]; *McCain v Dinkins,* 84 NY2d 216, 226 [1994]; *Matter of Department of Envtl. Protection of City of N.Y. v Department of Envtl. Conservation of State of N.Y.,* 70 NY2d 233, 240 [1987]; *Pereira v Pereira,* 35 NY2d 301, 308 [1974]; *Miller v Miller,* 61 AD3d 651 [2009]). Here, we conclude that the Supreme Court properly found the mother in contempt for violating an order dated July 22, 2011, by engaging in written communication with the parties' children.

Further, the Family Court correctly awarded the father an attorney's fee, payable by the mother. Judiciary Law § 773 permits recovery of an attorney's fee from the offending party by a party aggrieved by contemptuous conduct (*see Vider v Vider,* 85 AD3d 906 [2011]; *Schwartz v Schwartz,* 79 AD3d 1006 [2010]; *Children's Vil. v Greenburgh Eleven Teachers' Union Fedn. of Teachers, Local 1532, AFT, AFL-CIO,* 249 AD2d 435 [1998]; Judiciary Law § 773). The court correctly determined that the father was entitled to an award of an attorney's fee flowing from the mother's contemptuous behavior.

Further, we reject the mother's contention that there is no basis for the Family Court's issuance of an order of protection against her in connection with her contact with the father and their children. Pursuant to Family Court Act § 656, the Family Court may issue an order of protection in conjunction with any other order issued pursuant to Family Court Act article 6. The court issued the order of protection in connection with its order dated July 22, 2011. The evidence presented, which showed that the mother had violated that order, provided an ample basis for issuance of the protective order.

The mother's remaining contention is without merit. Rivera, J.P., Lott, Roman and Hinds-Radix, JJ., concur.