■ In the Matter of STEPHANIE GONNARD, Respondent, v JAMES GUIDO, Appellant. [37 NYS3d 274]—

Appeal from a money judgment of the Family Court, Westchester County (Nilda Morales-Horowitz, J.), dated July 17, 2014. The money judgment, upon an order of that court dated March 28, 2014, is in favor of the mother and against the father in the principal sum of $46,110.

Ordered that on the Court's own motion, the notice of appeal from the order dated March 28, 2014, is deemed a premature notice of appeal from the money judgment (*see* CPLR 5520 [c]); and it is further,

Ordered that the money judgment is affirmed, without costs or disbursements.

The mother filed petitions for enforcement and modification of a Florida judgment and order relating to custody and visitation. After conducting a hearing on the mother's petitions, the Family Court, in an order entered December 24, 2012, inter alia, found the father to be in contempt of the Florida judgment and order as well as directives of the Family Court, modified custody so as to award the mother sole legal and residential custody of the parties' child, and awarded the mother attorney's fees. The father appealed from portions of that order and a prior order of the Family Court entered September 11, 2012, which, inter alia, awarded the mother attorney's fees in the sum of $1,687.50. By decision and order dated July 24, 2013, this Court affirmed those orders insofar as appealed from (*see Matter of Gonnard v Guido*, 108 AD3d 709 [2013]). Subse-

quently, the father appealed from this Court's decision and order, and the Court of Appeals dismissed the appeal (*see Matter of Gonnard v Guido*, 22 NY3d 948 [2013]). Thereafter, the mother moved pursuant to Judiciary Law § 773 for an award of attorney's fees and expenses in the sum of $58,828, consisting of sums incurred with regard to the Family Court proceedings and the father's appeals. By order dated March 28, 2014, the Family Court granted the mother's motion to the extent of awarding her attorney's fees and expenses in the sum of $46,110, reflecting a deduction for the attorney's fees previously awarded to her. A money judgment dated July 17, 2014 in favor of the mother and against the father in that sum was entered upon that order. The father appeals.

Judiciary Law § 773 permits recovery of attorney's fees from the offending party by a party aggrieved by contemptuous conduct (*see Matter of McNelis v Carrington*, 116 AD3d 858, 859 [2014]; *Schwartz v Schwartz*, 79 AD3d 1006, 1010 [2010]; *Children's Vil. v Greenburgh Eleven Teachers' Union Fedn. of Teachers, Local 1532, AFT, AFL-CIO*, 249 AD2d 435, 435 [1998]). The intent of Judiciary Law § 773 is to indemnify the aggrieved party for costs and expenses incurred as a result of the contempt (*see Children's Vil. v Greenburgh Eleven Teachers' Union Fedn. of Teachers, Local 1532, AFT, AFL-CIO*, 249 AD2d at 435). Attorney's fees that are documented and directly related to the contemptuous conduct are generally recoverable unless they are proven excessive or reduced by the court in a reasoned decision (*see Vider v Vider*, 85 AD3d 906, 908 [2011]; *Bell v White*, 77 AD3d 1241, 1244 [2010]).

Here, the attorney's fees and expenses awarded by the Family Court and incurred by the mother in connection with Family Court proceedings and the father's appeal to the Court of Appeals were a direct product of the father's contemptuous conduct and, thus, were recoverable pursuant to Judiciary Law § 773 (*see Data-Track Account Servs., Inc. v Lee*, 15 AD3d 962, 963 [2005]; *Children's Vil. v Greenburgh Eleven Teachers' Union Fedn. of Teachers, Local 1532, AFT, AFL-CIO*, 249 AD2d at 435). Moreover, under the circumstances presented, the court providently awarded attorney's fees related to the father's appeal to the Court of Appeals pursuant to Domestic Relations Law § 237 (*see* Domestic Relations Law § 237 [b]).

Contrary to the father's contentions, the equities of this case did not mitigate against an award of attorney's fees. Moreover, the Family Court's award of attorney's fees was not barred by the doctrine of law of the case (*see Erickson v Cross Ready Mix, Inc.*, 98 AD3d 717 [2012]; *Gilligan v Reers*, 255 AD2d 486, 487

[1998]). Rivera, J.P., Balkin, Hinds-Radix and Barros, JJ., concur.