Matter of Guy v Weichel (2019 NY Slip Op 04942)





Matter of Guy v Weichel


2019 NY Slip Op 04942


Decided on June 19, 2019


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on June 19, 2019
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

CHERYL E. CHAMBERS, J.P.
JOSEPH J. MALTESE
COLLEEN D. DUFFY
LINDA CHRISTOPHER, JJ.


2016-08067
 (Docket No. V-1059-11/15B-C)

[*1]In the Matter of Donovan D. Guy, respondent,
v
Melonie F. Weichel, appellant.


Jill M. Zuccardy, New York, NY, for appellant.
Bernfeld, DeMatteo & Bernfeld, LLP, New York, NY (Jeffrey L. Bernfeld of counsel), for respondent.
Karen P. Simmons, Brooklyn, NY (Lee Tarr, Janet Neustaetter, and Rachel Stanton of counsel), attorney for the children.



DECISION & ORDER
In a custody proceeding, the mother appeals from an order of the Supreme Court, Kings County (Patricia E. Henry, J.), dated June 3, 2016. The order, insofar as appealed from, after a hearing, granted the father's motion to hold the mother in civil contempt for violating certain provisions of the parties' final order of custody and visitation on consent dated March 14, 2014.
ORDERED that the order dated June 3, 2016, is affirmed insofar as appealed from, without costs or disbursements.
The parties, who were never married, have one child together, born in 2009. The parties entered into a final consent order dated March 14, 2014, which addressed a number of issues, including parental access, international travel, and decision-making for the subject child.
To prevail on a motion to hold a party in civil contempt pursuant to Judiciary Law § 753(A)(3), the moving party must establish, by clear and convincing evidence, (1) that a lawful order of the court was in effect, clearly expressing an unequivocal mandate, (2) the appearance, with reasonable certainty, that the order was disobeyed, (3) that the party to be held in contempt had knowledge of the court's order, and (4) prejudice to the right of a party to the litigation (see El-Dehdan v El-Dehdan, 26 NY3d 19, 28-29; Matter of Mendoza-Pautrat v Razdan, 160 AD3d 963, 964).
Here, the record established by clear and convincing evidence that the mother violated the unequivocal provisions of the parties' final consent order by failing to inform the father of the child's travel outside of the country on three separate occasions, failing to produce the child for the father's parental access on two separate occasions, and unilaterally deciding to move the child to a new school. Moreover, contrary to the mother's contentions, her actions prejudiced the father, as they "were calculated to or actually did defeat, impair, impede, or prejudice the rights or remedies of a party" (Matter of Figueroa-Rolon v Torres, 121 AD3d 684, 685; see Matter of Kellezi v Kellezi, [*2]106 AD3d 737; Matter of Munster v Munster, 17 AD3d 600).
Moreover, the Supreme Court providently exercised its discretion in determining that the father was entitled to an award of an attorney's fee and in directing the father's counsel to file and serve a detailed affirmation of services rendered that were directly related to the mother's contemptuous behavior (see Judiciary Law § 773). "The intent of Judiciary Law § 773 is to indemnify the aggrieved party for costs and expenses incurred as a result of the contempt. Attorney's fees that are documented and directly related to the contemptuous conduct are generally recoverable unless they are proven excessive or reduced by the court in a reasoned decision" (Matter of Gonnard v Guido, 141 AD3d 649, 650 [citation omitted]; see Matter of McNelis v Carrington, 116 AD3d 858, 859).
CHAMBERS, J.P., MALTESE, DUFFY and CHRISTOPHER, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court