Matter of Tender Touch Health Care Servs. Inc. v Tnuzeg LLC (2026 NY Slip Op 00866)

Matter of Tender Touch Health Care Servs. Inc. v Tnuzeg LLC

2026 NY Slip Op 00866

Decided on February 17, 2026

Appellate Division, First Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered: February 17, 2026

Before: Moulton, J.P., Friedman, González, O'Neill Levy, Chan, JJ. 

Index No. 653544/21|Appeal No. 5845-5846|Case No. 2025-04357, 2024-07660|

[*1]In the Matter of Tender Touch Health Care Services Inc., et al., Petitioners-Respondents,
vTnuzeg LLC et al., Respondents, Vistacare LLC, Respondent-Appellant. 

Schwartz Sladkus Reich Greenberg Atlas LLP, New York (Andrea J. Caruso of counsel), for appellant.
Blank Rome LLP, New York (William J. Dorsey of counsel), for respondents.

Judgment, Supreme Court, New York County (Joel M. Cohen, J.) entered on November 4, 2024, awarding petitioners the total amount of $1,134,343.42, and bringing up for review an order, same court and Justice, entered on or about November 30, 2023, which held that a previously confirmed arbitration award was enforceable against respondent Vistacare LLC, unanimously affirmed, without costs. Order, same court and Justice, entered on or about June 18, 2025, which granted, in part, petitioners' application for attorneys' fees and awarded them $131,330.98, unanimously affirmed, without costs. This appeal arises from petitioner Tender Touch Health Services, Inc.'s protracted efforts to obtain payment from respondents for therapy services it provided at a long-term nursing facility in New Jersey. Tender Touch initially proceeded before a Rabbinical Court and was awarded $710,000 against respondents Tnuzeg LLC and New Vista Nursing. At some point around the time of the Rabbinical Court proceeding, ownership of the skilled nursing facility was transferred to respondent Vistacare LLC. Vistacare did not participate in the Rabbinical Court proceeding.
On December 3, 2021, Supreme Court confirmed the arbitration award against Tnuzeg and New Vista Nursing, and ordered further proceedings against Vistacare to determine if the award should be enforced against it as well as transferee of all the assets of Tnuzeg and New Vista Nursing. Supreme Court's decision was affirmed by this court.
In the November 2024 order on appeal, Supreme Court held that the Rabbinical Court's award was enforceable against Vistacare. The court found that Vistacare was the recipient of the fraudulent transfer of the long term nursing facility in violation of Debtor and Creditor Law §§ 273 and 275, and that Vistacare was also "liable under the continuity of business or de facto merger doctrine as the successor to Tnuzeg because it is operating the same New Vista business." Judgment was entered in favor of petitioners in the amount of $1,134,343.
Respondents thereupon embarked on a series of actions to avoid paying the judgment. Tender Touch moved to hold Vistacare in contempt. After motion practice Supreme Court issued the second decision on appeal, which awarded Tender Touch $131,330.98 in attorneys' fees as contempt sanctions.
Vistacare's principal brief did not challenge the finding that the transfer was a continuation of Tnuzeg and New Vista's business and/or a de facto merger. Vistacare's belated effort to address the issue in its reply brief was insufficient (see Center for Independence of the Disabled v Metropolitan Transp. Auth., 184 AD3d 197, 209 [1st Dept 2020]). Thus, it abandoned that branch of the appeal, which by itself would support affirmance of the judgment. 
Affirmance is also warranted based upon the issue of fraudulent conveyance. Vistacare was plainly liable for the Award as a fraudulent transferee under various sections of the Debtor and Creditor Law. CPLR 5225(b) allows judgment creditors to use a special proceeding to reach the assets of a judgment creditor's prior transferee "where it is shown that. . . the judgment creditor's rights to the property are superior to those of the transferee" (CPLR 5225 [b]; see Gelbard v Esses, 96 AD2d 573, 575 [2d Dept 1983]). The record before the court amply demonstrates the absence of adequate consideration, and that the transfer was not made in good faith, allowing for a finding of constructive fraud under Debtor and Creditor Law § 273-a (see Sardis v Frankel, 113 AD3d 135, 141 [1st Dept 2014]). In addition to the inadequacy of consideration, the timing of the transactions and the intrafamilial ownership of the various entities provide more than sufficient "badges of fraud" to establish liability under Debtor and Creditor Law § 276 (see Wall St. Assoc. v Brodsky, 257 AD2d 526, 528-529 [1st Dept 1999]).
Vistacare has identified no basis to disturb Supreme Court's order awarding fees for its contemptuous conduct. The court properly limited its award to fees incurred that were directly related to its contemptuous conduct (see Matter of Gonnard v Guido, 141 AD3d 649, 650 [2d Dept 2016]). This included not only the instant contempt motion, but the various other motions petitioners were forced to make to address Vistacare's contempt (see, e.g., Bell v White, 77 AD3d 1241, 1244-1245 [3d Dept 2010], lv dismissed 16 NY3d 888 [2011]; see also Matter of Wimbledon Fin. Master Fund, Ltd. v Bergstein, 173 AD3d 401, 401-02 [1st Dept 2019], lv dismissed 34 NY3d 1152 [2020]).
We have considered Vistacare's remaining arguments and find them unavailing.
THIS CONSTITUTES THE DECISION AND ORDER OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: February 17, 2026